WILLIAM J. PATTERSON, plaintiff in error, vs. BENNETT ES-
TERLING, defendant in fi. fa., and NEWMAN McBAIN, claim-
ant, defendant in error.

A mortgagee need not make proclamation of his mortgage, in order to protect
his lien, provided the mortgage has been duly recorded. Nor does it make
any difference in this respect, whether he be casually present at the sale of
the mortgaged premises, under a common law execution of a junior lien or
not, provided he does nothing to countenance the sale. His silence will not
prejudice his lien.

Levy and claim, in Sumter Superior Court. Tried before
Judge ALLEN, at September Term, 1858.

On the trial of this cause in the Court below, the plaintiff
in *fi. fa.* introduced in evidence, a mortgage *fi. fa.* against
lot of land number two hundred and fourteen, in the twen-
ty-eighth district of Sumter county, which had been levied
on said land. The mortgage had been properly recorded.

On the trial, there was an admission in writing, by claim-
ant's counsel, that Esterling, the defendant in *fi. fa.*, was in
possession of the said land, at the date of the mortgage.
Plaintiff then closed his case.

Claimant then introduced *Sterling Glover*, who testified,
that while acting as Sheriff of said county, he levied a *fi. fa.*,
younger than plaintiff's mortgage, on the said lot of land, as
defendant's property, and sold it to McBain for one hundred
dollars; that McBain paid him the money, and he made
McBain a deed; that when the land was offered, Patterson,
the plaintiff, was in the crowd; that about the time the land
was knocked off, Patterson made known, by proclamation,
his mortgage lien, and McBain desired to withdraw his bid,
but witness would not allow him to do it; that he thought
the hammer came down before the proclamation was made,
but was not certain about it.

Plaintiff then introduced *James W. Ragan*, who testified,
that he was present at said sale; that he heard Patterson

give notice of his mortgage lien; that it was given *before* the land was knocked off to McBain.

Plaintiff then introduced *McBain*, the claimant, who testified, that the notice was given before the land was knocked off, and that he desired to withdraw his bid, but the Sheriff would not let him; that he had heard of the mortgage before the day of sale, but thought it was settled.

Here the evidence closed, and the Court was requested to charge the jury, that McBain had the right to withdraw his bid as soon as he heard Patterson's notice, and if he bought any thing at said sale, it was only the equity of redemption. Which charge the Court refused to give, but charged the jury, that if plaintiff was standing by and permitted the property to be offered, and gave no notice of his mortgage, and McBain had made a bid before Patterson gave the notice, then McBain acquired a right to have the land knocked off to him, (no one making a higher bid,) and that he got a good title. To which charge and refusal to charge, plaintiff excepted.

SULLIVAN, for plaintiff in error.

McCoy & HAWKINS, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Bennett Esterling mortgaged to Wm. J. Patterson lot of land No. 214, in the 28th district of Sumter county. The mortgage was duly recorded. The land was subsequently sold under a common law *fi. fa.*, and knocked down to Newman McBain. Patterson was present at the sale. All admit that he gave notice of his mortgage lien. Glover, the Sheriff, testifies that proclamation was made about the time the land was knocked off. He thought the hammer came down before the proclamation was made, but was not certain about it. James W. Ragan swears positively that the notice was given before the land was knocked off. And McBain him-

self being sworn, says, that notice was given by Patterson *before* the land was bid off; and that he desired to withdraw his bid, and the Sheriff would not permit him to do so.   He further admits, that he had heard of the mortgage before the day of sale, but thought that it was settled.

Suppose Patterson, being present, had kept silent, his mortgage having been duly recorded, would he have lost his lien? Surely not.   But upon the fact of *actual* notice, the weight of the proof is entirely with Patterson.   There can be no doubt but that he is entitled to enforce his lien on the land.

Judgment reversed.

McDONALD J. absent.