RUTH J. McCUNE, plaintiff in error, vs. LEROY McMICHAEL, defendant in error.

One, who by acts or declarations, induces another to buy property, as the property of a third person, is thereby estopped from setting up title in themselves to said property; but to make such acts or declarations a bar, it should appear that they were known to the purchaser, and that he acted upon them, and not upon his own knowledge or judgment.

Trover, in Butts Superior Court. Tried before Judge CABANISS, March Term, 1859.

This was an action of trover, by Ruth J. McCune, against Leroy McMichael, for the recovery of six negroes. The negroes were by the last will and testament of James A. McCune, bequeathed to plaintiff, who was his wife, for and during her life, remainder to his four children.

It appeared, that plaintiff about the year 18—, made a division of certain negroes which she held as tenant for life, between R. W. McCune and Leroy McMichael, her son and son-in-law, and remaindermen in and under said will, and delivered them to the parties. R. W. McCune took possession of the negroes thus allotted to him, and held them until his death, as did also McMichael. After the death of R. W. McCune, James H. Stark administered on his estate, and sold these negroes as part of his estate, and Leroy McMichael, the defendant, became the purchaser. This action was brought by Ruth J. McCune, the tenant for life, to recover said negroes from McMichael, she claiming and insisting that her life estate has not terminated, and that she is entitled to said slaves.

The important and material questions in the case and to which most of the testimony, which was voluminous, was directed, were, first, whether plaintiff had relinquished her life interest in and to said slaves, when she made the division aforesaid, and suffered them to go into the possession of of R. W. McCune, the remainderman, and thereby vested

them absolutely in him, or whether she only loaned or let him and McMichael have them during her pleasure, and until she should call for them? 2d. Whether plaintiff assented to the sale of said negroes by the administrator of R. W. McCune, and if she was not estopped and concluded by such assent?

After the testimony was closed, and the Court charged the jury, counsel for plaintiff requested the Court to charge the jury, that in order to enable defendant to defeat a recovery, they must be satisfied that he did not himself have knowledge of the true state of the transaction between plaintiff and R W. McCune, so as to enable him to act upon his own information and judgment; for if he had full knowledge of the matter, he was bound to act in accordance with the law of the case. And also that defendant was influenced to purchase the negroes by the admissions and acts of plaintiff. And further, that if they were satisfied that defendant in the purchase of said negroes did not act upon the acts or admissions of plaintiff, then, and in such case, it is the privilege and right of plaintiff to controvert and disprove the truth of any admission made by her to others; and if the evidence satisfied them that the admission was erroneous and untrue, they should find according to the truth, notwithstanding such admission.

Which request the Court refused to charge, but charged the jury that in order to estop or conclude a party by an act or admission, it must appear that such party understood the subject matter at the time; for if an admission be made, or an act done without fraud, then the whole matter is subject to the full investigation of the jury, who are to ascertain the *truth*, and find accordingly.

Plaintiff's counsel further requested the Court to charge the jury, that when property remains in the possession of a tenant for life, that is an assent to the entire legacy, and the property being in possession of Mrs. McCune, at the death of

testator, by virtue of her office of executrix, and there remaining, necessarily put her in possession with her assent. Which the Court refused to charge.

The jury found for the defendant, and plaintiff moved for a new trial, on the grounds that the Court erred in refusing to charge as requested; that the Court erred in admitting in evidence the depositions of James H. Stark, the administrator of R. W. McCune, he being an interested witness, and because the verdict was contrary to law and the evidence.

BAILY; BEECH; and GIBSON, for plaintiff in error.

LYON & BOYTON; PEEPLES & CABANISS, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

We see no error in the record in this case, except the refusal of the Court to charge as requested; that if the defendant when he purchased, had knowledge of the plaintiff's title; Ruth J. McCune is not estopped from recovering the property, notwithstanding her declarations to Judge STARK and others, unless it was shown that McMichael had knowledge of these declarations, and acted upon them in buying the negroes at the administrator's sale. I state the substance or legal tenor of the request only.

Upon the next trial of this case, the first question to be found is, was the surrender of the life estate by Mrs. McCune to the remaindermen, absolute and unconditional? If so, there is an end of the controversy. She is not entitled to recover. If, however, she reserved the right to reclaim the property, she is entitled to recover, unless she assented to the sale of the whole interest in the negroes, by the administrator of her son, and induced or encouraged McMichael to buy. In that event she is equally barred, and cannot maintain the action which she has instituted.

Now, while it may be conjectured that she did this, and the moral conviction is strong that she did, still there is no evidence that her acts or declarations, as testified to by Judge STARK, Col. Reid and wife, and others, were communicated to McMichael and came to his knowledge. And in the absence of any such proof, it must be presumed, that he acted upon his own knowledge and judgment. He admits in writing, that he took his negroes conditionally, but he is not sued for them, and his son swears, that Rufus W. McCune did so likewise. It is for these negroes, bought at the sale, that McMichael is sued. And that all the parties were present when this arrangement was agreed upon.

The issues therefore to be submitted to a future jury, are few and simple, and should be directly passed upon, without being encumbered by so much rubbish.

Judgment reversed.