JAY *vs.* WHELCHEL.

1. A deed of bargain and sale, absolute in its terms, and purporting to convey the fee in consideration of ninety dollars in hand paid, passes title; and an entry endorsed upon it and signed by the grantee to the effect that the deed is to be returned to the grantor cancelled, on condition that the grantor shall pay to the grantee ninety dollars by a specified time, with interest, does not convert the instrument into a mere mortgage.

2. Possession remaining with the grantor and never surrendered, is held under the grantee, and is not adverse to his title; and neither prescription nor the statute of limitations is available as a defence to an action of ejectment founded on the deed.

3. If the conveyance was really made as security for a debt, the appropriate equitable relief could be administered, with proper pleadings for that purpose.

April 4, 1887.

Deeds. Mortgages. Vendor and Purchaser. Debtor and Creditor. Prescription. Before Judge ESTES. Lumpkin Superior Court. October Term, 1886.

Reported in the decision.

WIER BOYD, by S BARNETT, JR. for plaintiff in error.

R. H. BAKER, by HARRISON & PEEPLES; W. F. FINDLEY, for defendant.

BLECKLEY, Chief Justice.

In 1860, Jay executed a deed to Whelchel, conveying certain land. It was an ordinary deed, absolute in all its terms, conveying the land in fee simple, with warranty of title. Upon the back of it was endorsed an entry, signed by Whelchel, the grantee, to the effect that it was to be returned to Jay cancelled, on condition that Jay paid by a certain time $90, with interest thereon from date. This entry on the back is of the same date as the deed itself. An action of ejectment, after the lapse of many years, was brought by Whelchel against Jay, and on the trial, this deed was offered in evidence, and objected to on the ground that it was a mortgage, and not a conveyance of title. The court overruled the objection, and a verdict was rendered for the plaintiff, Whelchel, for the land and a small amount for mesne profits. A motion was made for a new trial, on two grounds only: one that the verdict was contrary to law and evidence; and the other that the court erred in admitting in evidence the deed, over the defendant's objection. The motion for a new trial was denied.

1. A deed of bargain and sale, absolute in its terms, and purporting to convey the fee in consideration of ninety dollars in hand paid, passes title; and an entry endorsed upon it and signed by the grantee to the effect that the deed is to be returned to the grantor cancelled, on condition that the grantor shall pay to the grantee ninety dollars by a specified time, with interest, does not convert the instrument into a mere mortgage. It will be noticed that this entry does not recite that there is any debt due from one of these parties to the other. It simply gives an option to the party who made the deed to have it returned cancelled, on condition that he pays the sum specified, with

interest from date, and a time is appointed for the payment to be made. Now this may have been a debt, or it may have been a contract simply to allow the maker of the deed to have the land back on condition that he paid for it the price agreed upon. The parties did not put in writing, either in the deed itself or in the endorsement, any evidence that it was made to secure a debt. They left that in parol; and to constitute a mere mortgage, passing no title and creating only a lien, the mortgage as a whole must be in writing. It must show a debt, and it must show a purpose to secure the payment of the debt. There could be no action maintained upon this endorsement in favor of the holder of the deed against the maker. It contains no promise to pay; no obligation was taken by Jay upon himself to pay the ninety dollars. He simply had the option to make the payment, and to get his deed back if he did make it. Upon the question whether the deed was in fact given as a security, the endorsement, though no direct, is very powerful circumstantial evidence, and aided by other evidence, might establish the fact in a proceeding to redeem, but the objection was made to the instrument simply upon its own terms when it was tendered in evidence; and we think the objection was properly overruled, for the deed, with or without the endorsement, is a conveyance of title and not a mortgage. Though no particular form is necessary to constitute a mortgage, it must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect. Code, §1955.

2. In the argument here, it was insisted that, as the evidence showed that the possession of the land continued in the maker of the deed from the time it was executed and delivered, up to 1886, when this action was brought, there was possession for more than twenty years, and that the action must fail on that account. Again, it was urged that, as the deed was shown by parol evidence to be a security for a debt, the debt was barred by the statute of

limitations, and therefore the deed went with it. We think neither of these positions is tenable. The possession was held under the deed by permission, and there never was any surrender of the permissive possession so as to make a point for adverse possession to begin; therefore prescription did not run. Code, §2679; *Ford vs. Holmes*, 61 *Ga.* 419. On the other point, if a man promises to pay money to get the title of his land back, he must pay it, no matter how old the debt is; an action on the debt be. ing barred will not revest the title, or raise a perfect equity in his favor. *Kiser vs. Miller*, 58 *Ga.* 510. Even discharge in bankruptcy will not suffice for such a purpose. *Broach vs. Barfield*, 57 *Ga.* 601; *Thaxton vs. Roberts*, 66 *Ga.* 704. He must not leave the debt to be extinguished by time; he must pay it. Time does not make any payment that equity can recognize as a substitute for actual payment. What would become of a bill for specific performance based on such a theory?

Possession remaining with the grantor and never surrendered, is held under the grantee, and is not adverse to his title; and neither prescription nor the statute of limitations is available as a defence to an action of ejectment founded on the deed.

3. If the conveyance was really made as security for a debt, the appropriate equitable relief could be administered, with proper pleadings for that purpose. Of course, under our practice, such relief could be had by way of defence to the action of ejectment, or rather, by way of an equitable graft upon it. Such pleadings were in the case, we find, and evidence was introduced to support them, but it wholly failed, and a verdict was rightly found for the plaintiff. The court committed no error in upholding it.

Judgment affirmed.