## SINGLETON *v.* THE STATE.

1. A charge to the jury which intrenches upon their province with reference to determining the facts in the case and the credibility of the witnesses is error, requiring the grant of a new trial.
2. An infant under the age of ten years can not be convicted or found guilty of any crime or misdemeanor; if the accused is over ten but under fourteen years of age, he may be capable of crime, but the burden is upon the State of establishing the fact of his capacity therefor.

Submitted October 18,—Decided November 10, 1905.

Indictment for simple larceny. Before Judge Foute. City court of Cartersville. August 11, 1905.

The accused, Pearce Singleton, was tried in the city court of

Cartersville on an indictment charging him with the offense of simple larceny. The property alleged to have been stolen was "two bushels of coal of the value of thirty cents, the property of the Seaboard Air-Line Railroad Company." There was much evidence for and against the defendant. His mother and father testified as to the time of his birth, and their testimony, if taken as true, would have established the fact that he was not ten years old at the time of the alleged unlawful act. But there was evidence from which the jury might have inferred that the prisoner was between ten and fourteen years of age. The defendant was convicted, and he made a motion for a new trial based upon the general grounds and also upon the further grounds:

"4th. Because said verdict was rendered in the face of and in defiance of section 34 of the Criminal Code of Georgia, the uncontradicted [evidence] of the father and mother of said defendant being that said defendant was not ten years of age at the time said alleged offense was committed by him as movant alleges.

"5th. Because movant alleges that it was error in the court not to have directed a verdict finding said defendant not guilty, as soon as it appeared from the evidence that the defendant was under the age of ten years at the time it was alleged that he committed said offense.

"6th. Because it was manifest error in the court to submit the issue of the guilt or innocence of the defendant to the jury when it appeared from the uncontradicted evidence of the father and mother of said defendant that he was under ten years of age at the time it was alleged that he committed said offense, as movant alleges; and movant alleges that the action of the court in submitting the question of the guilt of said defendant to said jury was in violation of and disregard of section 34 of the Criminal Code of Georgia under the instructions as given by the court.

"7th. Because the court erred in refusing to give in charge to said jury the following written request of defendant, without qualification, to wit: 'If you believe from the evidence the defendant was under the [ten?] years of age at the time he was charged with having committed said offense, then I charge you that he was incapable of committing any crime, and you should find him not guilty.'

"8th. Because movant alleges that the court, after reading to the jury as a part of its charge section 34 of the Criminal Code

of Georgia and charging as follows, to wit: 'In connection with that, gentlemen, I charge you that if you believe from the evidence that this defendant was under the age of ten years when the alleged crime was committed, then you would not be authorized to convict,' erred in adding the following language, to wit: 'But you will consider in connection with this all the evidence, the interest of the principal witnesses for the defendant, the appearance of the defendant, and all the circumstances incident to the case. The main question for your determination is this: Under the evidence was this defendant ten years old at the time of the commission of the alleged crime? If he was, and you believe from the evidence that he is guilty as charged in this bill of indictment, you ought to find him guilty.' Movant alleges that the part of said charge herein excepted to is not the law of Georgia, and it was hurtful error for the court to give such a charge to the jury. Movant alleges the reference by the court to the principal witnesses for defendant was calculated to discredit said witnesses before the jury, whom movant alleges were his father and mother, and did have that effect, and was therefore error. Movant further alleges that said charge herein excepted to is and was error in the instructing said jury, 'if they believed the defendant was ten years old, and you believe, from the evidence, that he is guilty as charged in the bill of indictment, you ought to find him guilty.' Movant alleges that said charge last quoted is not the law of Georgia, and it was therefore error to give it as it was given, even if said defendant had been proven to be ten years old and under fourteen years of age. Movant alleges that it is not true that every person whose acts would amount to a crime, that is fourteen years of age, is a crime when committed by a person between the ages of ten and fourteen years; movant alleges that children between the ages of ten and fourteen years must be shown by the evidence for the State to possess sufficient intelligence to know good from evil before they can be convicted of any crime charged against them."

The court overruled the motion, and the defendant excepted.

*James B. Conyers,* for plaintiff in error.

*T. C. Milner, solicitor,* contra.

Beck, J. (After stating the facts.)	1. As we view this case it is necessary to consider and discuss only one ground of the mo-.

tion for new trial.   It will be observed that movant does not allege
positively that the court refused the written request to give the
charge set forth in the seventh ground, but the complaint is that
he did not give it without qualification.   What qualification the
court added is left to conjecture, unless we search for it in other
parts of the record; and this we will not undertake to do.   But it
seems to us that in the extract from the court's charge set forth in
the eighth ground of the motion manifest error appears.   The
court, after instructing the jury correctly as follows; "I charge you
that if you believe from the evidence that this defendant was under
the age of ten years when the alleged crime was committed, then
you would not be authorized to convict," added the following, to
wit:   "But you will consider in connection with this all the evi-
dence, the interest of the principal witnesses for the defendant, the
appearance of the defendant, and all the circumstances incident to
the case.   The main question for your determination is this: Under
the evidence was the defendant ten years old at the time of the
commission of the alleged crime?   If he was, and you believe from
the evidence that he is guilty as charged in this bill of indictment,
you ought to find him guilty."   In the first place this part of the
court's charge is open to the criticism that it is repugnant to the
law forbidding the court in the trial of any case to intimate to the
jury his opinion "as to what has or has not been proved."   The lan-
guage, "you will consider in connection with this all the evidence,
the interest of the principal witnesses for the defendant," not only
singles out and calls attention to the infirmity in the testimony of
the father and mother of the accused, but would necessarily be
construed by the jury as an intimation by the court that that testi-
mony was the testimony of interested witnesses; and while every
man of sense and experience knows full well that each juror was
as fully aware as the judge himself of the intense interest that the·
"principal witnesses for the defendant" had in the result of this
case, the vice in the instruction objected to is not thereby cured,
for the jury are apt to be influenced by any intimation of opinion by
the court even in regard to matters about which their own experi-
ence has been as thorough, as long, and as varied as that of the
judge.   Besides, the law is imperative that where there has been a
violation of the rule that the court should not intimate or express

an opinion of what has or has not been proved, a new trial must be granted.

·2. Counsel for the State contended that by the evidence it successfully carried the burden incumbent upon it of proving that the accused had sufficient mental capacity to commit crime, because the father of the prisoner testified that the defendant knew the difference between right and wrong. But with this evidence in, it was still a question for the jury to determine whether the boy on trial had the capacity ascribed to him by his parent, and the determination of that question was completely taken from them when the court instructed them without qualification that "if he was ten years of age, and you believe from the evidence that he is guilty as charged in this bill of indictment, you ought to find him guilty." This charge the jury no doubt construed to mean that if the accused was ten years of age and committed the acts alleged in the indictment, he was guilty of the crime charged without reference to his mental capacity; while the law is that if the accused was between ten and fourteen years of age, prima facie he was incapable of crime, and the jury should be instructed that the burden is on the State to establish his capacity therefor, it being their privilege alone to pass upon this evidence; and their province was directly invaded when the judge directed them, after correctly instructing as to their duty in case they found the defendant to be under the age of ten years, in the language of the charge complained of in the ground of the motion now under consideration and last quoted. The jury should have been informed in terms direct and clear that if the infant on trial was between ten and fourteen years of age, his capacity to commit crime must be made to appear from the evidence or from the facts and circumstances of the case; and this is not going as far as some courts and many text-writers have gone where they have laid down the rule that the capacity to commit crime in infants under the age of fourteen years should be made to appear "only by the strongest and clearest evidence." "There is uncontradicted evidence in the record that plaintiff in error was little more than eleven years of age when the homicide was committed. This evidence was not contradicted, but was virtually conceded by the eighth instruction asked and given for the people. If this was true, and the evidence tended to prove it, the rule required evidence strong and clear

beyond all doubt and contradiction, that he was capable of discerning between good and evil; and the legal presumption being that he was incapable of committing the crime, for want of such knowledge, it devolved on the people to make the strong and clear proof of capacity, before they could be entitled to a conviction." Angelo *v.* People, 96 Ill. 209, 36 Am. Rep. 134, and cit. See also Bish. New Cr. L. 219.

3. Except in the grounds already noticed, no material error is made to appear in the various grounds of the motion for a new trial.     *Judgment reversed. All the Justices concur.*