## WILKES *et al. v.* FOLSOM.

1. It was error for the court to admit and to refuse to rule out on time-ly motion of the defendant, based upon the ground that there was no appropriate pleading upon which to base the same, evidence by C. S. Wilkes, a witness for the plaintiff, that "at the time I made the deed to my mother I was a minor;. there was no consideration for same; it was made because I wanted to borrow some money, and I made the deed to my mother for her to borrow the money, and she never did use the deed to borrow the money, and I never got the money." It necessarily follows that the court erred in giving to the jury instructions based upon the evidence thus admitted.

2. It was error for the court to admit evidence by a witness for the plaintiff, to the effect that he saw Margaret Wilkes, one of the defendants, and that she agreed to and acquiesced in the sale of the land by C. S. Wilkes to the plaintiff, and that he had reported such agreement to the purchaser; the defendant having interposed timely objection based on the ground that such evidence was hearsay. For the same reason it was error to allow the plaintiff to testify in substance that C. S. Wilkes said that the sale was agreeable to Margaret Wilkes.

3. The above rulings are controlling, and require a reversal of the judgment refusing a new trial. Other assignments of error not specifically mentioned are mere repetitions of the foregoing assignments, or are not of such character as are likely to occur again on another trial, and do not require special mention.

4. Since the case is remanded for another hearing, we express no opinion upon the sufficiency of the evidence to support the verdict.

No. 2130. FEBRUARY 18, 1921.

Equitable petition. Before Judge Thomas. Brooks superior court. May 22, 1920.

Folsom filed a petition against G. W. Wilkes and Mrs. Margaret Wilkes, alleging, in substance as follows: Petitioner is the owner of described land; the defendants are in possession thereof under a contract to work the place for one half of the crop raised thereon; the contract has expired, and the defendants are holding over and retaining possession of the premises and the houses thereon, and refuse to deliver possession to the plaintiff, without authority of law. Mrs. Margaret Wilkes is claiming the title and right of possession of said land, and G. W. Wilkes, her husband, is holding the same under the alleged title of Mrs. Wilkes. Mrs. Wilkes claims title under an alleged deed dated February 14, 1914, but not filed for record until July 9, 1914, and recorded July 11, 1914, made to her by her son, C. S. Wilkes. The plaintiff claims title under a deed executed to him by C. S. Wilkes on June 23, 1917, and filed for record on the same day. At the time of the purchase of said land by the plaintiff he had no knowledge or notice, actual or con-

structive, of the existence of the deed from C. S. Wilkes to Mrs. Margaret Wilkes, if it was in existence at that time, but bought said land in good faith, paying therefor the sum of $750. G. W. and Mrs. Margaret Wilkes are insolvent, and during the year 1918 plaintiff received nothing from Wilkes on his contract for one half of the crop. G. W. Wilkes and Mrs. Margaret Wilkes are trespassers upon the property, and are remaining in possession thereof without lawful authority or title, and have failed and refused to deliver possession to the plaintiff upon demand; and their remaining in possession, cultivating the land, and using the premises and houses thereon is a continuing and wilful trespass in violation of the rights of the plaintiff. The defendants are incompetent farmers and are not preserving the fertility of the land, but are allowing it to run down and lose value because of their failure to properly cultivate and fertilize the soil; and the damage to plaintiff is irreparable. The prayers are: (a) For process. (b) That the defendants be enjoined from further trespassing upon plaintiff's property, and from withholding the possession of it from the plaintiff, and from keeping thereon or in the houses thereof their property and effects, "and from using the same in any way, or from doing anything else in defiance of or in violation of the rights of the plaintiff as the owner and possessor of said property, or from interfering in any way with the possession, use, and enjoyment by the plaintiff of said property." (c) "That the plaintiff may have and recover said property from the defendants, and that the defendants may be ejected therefrom and the same may be decreed to be the property of the plaintiff." Rule nisi was issued, and the court granted an ad interim injunction restraining the defendants from "further trespassing upon said property, or withholding possession of said property from the plaintiff, and from keeping their property and effects thereon." The defendants sued out writ of error to the Supreme Court. *Wilkes v. Folsom,* 149 *Ga.* 512 (101 S. E. 185). Thereafter the defendants filed an answer denying that they were in possession as croppers or otherwise holding under the plaintiff, and alleging that the plaintiff obtained his deed from C. S. Wilkes with notice of the title and interest of Mrs. Margaret Wilkes. The case came on for trial, and a verdict was returned for the plaintiff; whereupon the defendants filed a motion for a new trial, to the overruling of which they excepted.

*J. J. Murray,* for plaintiffs in error.

*Branch & Snow,* contra.

GILBERT, J.  The first headnote, relating to the second special ground of the motion for new trial, alone requires elaboration. During the trial, and before any evidence was admitted, the plaintiff offered an amendment, which was duly allowed and ordered filed, as follows:  " That the deed made by C. S. Wilkes to the said Margaret Wilkes, which bears date of February 19, 1914, referred to in the seventh paragraph of the petition, was not made by C. S. Wilkes for a valuable consideration, but was made by C. S. Wilkes for the purpose of conveying the said land to Mrs. Margaret Wilkes, for the sole purpose of allowing her to borrow a sum of money at the time on said deed, and the said Mrs. Margaret Wilkes did not use said deed for said purpose at said time; and said deed was made by the said C. S. Wilkes when the said Wilkes was only eighteen years of age, and was a minor, and was therefore not a valid deed."  Counsel for defendants objected to the amendment, upon the ground that it set up a new cause of action.  Upon the allowance of the amendment the defendants pleaded surprise, announcing in open court that they were not in position to meet the amendment so offered and allowed. The court thereupon announced from the bench, " That seems to come up to the rule," and, addressing the plaintiff's counsel, " They are entitled to a continuance." Thereupon plaintiff's counsel said, " We will take an order striking the amendment in the case just offered, for the purpose of going into the trial of the case." The case proceeded to trial, and C. S. Wilkes, a witness for the plaintiff, testified as follows: " At the time I made the deed to my mother I was a minor; there was no consideration for same; it was made because I wanted to borrow some money, and I made the deed to my mother for her to borrow the money, and she never did use the deed to borrow the money, and I never got the money."  Counsel for defendants thereupon moved the court to rule out said evidence, upon the ground that it was irrelevant, immaterial, and prejudicial to the rights of defendants, and upon the further ground that there were no pleadings to authorize the same, the plaintiff having withdrawn the amendment which sought to attack the deed on the grounds that it was without consideration and that the grantor was a minor at the time of making the deed. The court held the ruling in reserve at the time; but at

the conclusion of the plaintiff's evidence the defendants' counsel renewed their objection as made to the evidence; whereupon the court ruled as follows: "I don't understand that that operates to estop them upon this particular issue. I will have to overrule the motion." This ruling is assigned as error. We think the objection was well taken, and that the court erred in refusing to rule out the evidence. The court had already expressed his opinion that this was a material feature of the case, by his ruling that the amendment set up a new cause of action entitling the defendants to a continuance. The amendment was withdrawn expressly upon the ground that the plaintiff desired to avoid a continuance. Manifestly, if the amendment was of such materiality and importance as to require a continuance of the case on motion of the defendants, it was prejudicial to the latter to permit proof of the facts stated in the amendment, without pleading. The plaintiff cannot attain the end sought by the amendment by dispensing with the pleading and proceeding with the evidence, for the sufficient reason that there must be appropriate pleading to permit the proof. This ruling was prejudicial to the defendants, and the court should have granted a new trial.          *Judgment reversed. All the Justices concur.*