## WILKES *et al. v.* FOLSOM.

1. Where in a complaint for land the plaintiff's cause of action is based upon his title to the land, an amendment by the plaintiff which merely offers additional reasons to those set out in the petition as to why the title relied on by one of the defendants is not only inferior to that of the plaintiff, but that it was not a valid and effective deed, being made by a minor and without consideration, does not set out a new cause of action. Consequently the court did not err in overruling the demurrer filed to the amendment to the petition.

2. The evidence complained of in the second division of the opinion was inadmissible and requires a reversal.

3. Under the facts of this case the following charge is not error: " The court instructs you, with respect to the law in this case, that every deed conveying land shall be recorded in the office of the clerk of the superior court in the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first."

4. The charge complained of in the 4th division of the opinion is not error.

5. The charge complained of in the 6th ground of the motion for new trial was error, because based upon evidence which was inadmissible.

No. 3130. DECEMBER 7, 1922.

Complaint for land. Before Judge Thomas. Brooks superior court. February 14, 1922.

I. L. Folsom brought a complaint for a certain 30 acres, more or less, of land in Brooks County, against G. W. Wilkes and his wife, Mrs. Margaret Wilkes, and alleged substantially the following: About January 1, 1918, the plaintiff employed G. W. Wilkes as a share cropper to take charge of the land in controversy and cultivate the same under a contract by which the plaintiff was to receive one half of the crop raised on the place and G. W. Wilkes was to receive one half thereof for his work as a cropper. This contract expired December 31, 1918. Although the time for which the contract was to exist and the defendant Wilkes was to occupy the land, with the house thereon, as a cropper, had expired, he refused to deliver possession to the plaintiff. Mrs. Margaret Wilkes entered on the land with her husband, and has remained thereon with him, and is claiming the title and the right of possession of the land; and G. W. Wilkes is holding it, claiming that he is doing so under and by virtue of the alleged title of Mrs. Wilkes. Plaintiff is the owner of the land and is claiming title thereto under a deed to himself made by C. S. Wilkes, executed on June 23, 1917,

filed for record on June 23, 1917, and recorded on July 2, 1917.
Mrs. Wilkes is claiming title under an alleged deed made by C. S.
Wilkes to her, which bears date February 19, 1914, but was not
filed for record until July 9, 1917, and recorded July 11, 1917.
At the time of the purchase of the land by the plaintiff from C. S.
Wilkes he had no knowledge or notice, actual or constructive, of
the existence of the deed from C. S. Wilkes to Mrs. Wilkes; but
he bought the land in good faith, paying C. S. Wilkes therefor the
sum of $750. G. W. Wilkes and his wife are both insolvent;
and during the year 1918 the plaintiff received nothing from
G. W. Wilkes from the crops grown on the land. The defendants
are trespassers upon the property, and are remaining in pos-
session of it without lawful authority or title, and have failed
and refused to deliver possession to the plaintiff upon demand;
and their remaining upon the land and cultivating it and using
the houses is a continuing and willful trespass in violation of the
rights of the plaintiff. The defendants. are incompetent farmers,
and are not taking care of the land so as to preserve its fertility
and value, but they are letting. it run down and lose value because
of their failure to properly cultivate and fertilize the soil; and the
damage to the plaintiff is irreparable. He prays that the defend-
ants be restrained and enjoined from further trespassing upon the
land, from withholding possession, from keeping their property
and effects thereon, and from using the houses or land in any way
or from doing anything else in defiance or in violation of the rights
of the plaintiff as the owner of the property. He also prays to re-
cover the property, and that the defendants be ejected from it,
and that it be decreed to be his property.

Plaintiff amended his petition, and alleged: that the deed made
by C. S. Wilkes to Margaret Wilkes, dated February 19, 1914, was
not made by C. S. Wilkes for a valuable consideration, but was
made for the purpose of conveying the land to Mrs. Wilkes for the
sole purpose of allowing her to borrow money at the time on the
deed; that she did not use the deed for the purpose at the time;
and therefore the deed was not valid and effective; that it was
made by C. S. Wilkes when he was a minor and only eighteen
years of age, and therefore it was not a valid deed, and C. S.
Wilkes disaffirmed it by making the deed to plaintiff after C. S.
Wilkes became of age. The defendants made a motion in the

nature of an oral demurrer to this amendment, on the ground that it set forth a new and distinct cause of action. The demurrer was overruled and the amendment allowed. To this ruling the defendants excepted pendente lite.

The defendants filed an answer to the petition, denying many of its paragraphs, including the allegations of their insolvency and of their being trespassers. They aver, that their possession is accompanied by a deed executed by C. S. Wilkes on 'February 19, 1914; that shortly after the execution of the deed Mrs. Margaret Wilkes, with her husband G. W. Wilkes, went into possession of the premises in good faith and they have remained in possession thereof ever since, their possession being generally known, and well known to the plaintiff at the time he claims to have acquired title from C. S. Wilkes; that defendants went into possession of the premises in controversy in 1915, and have lived thereon continuously down to the present time, farming and cultivating the lands, all of which was well known to the plaintiff; that he knew that C. S. Wilkes had no title to the premises at the time he purchased the same, and he knew, or could have known by the exercise of ordinary diligence, that Margaret Wilkes held a deed from C. S. Wilkes, and that her possession of the premises was under the deed; that on or about January 15, 1917, defendants were in possession of the land, and on that date executed and delivered a mortgage upon the land to L. M. Stanfill, which mortgage was duly recorded, and was given to secure a debt of approximately $300; that the plaintiff knew of this outstanding mortgage at the time he purchased the land, and also that Margaret Wilkes claimed the land.

On the trial of the case the jury returned a verdict for the plaintiff. The defendants filed a motion for a new trial, which was overruled, and they excepted.

*T. S. Weatherington* and *J. J. Murray,* for plaintiffs in error.
*Branch & Snow,* contra.

HILL, J. (After stating the foregoing facts.)

1. This case has been twice before this court. *Wilkes* v. *Folsom,* 149 *Ga.* 512 (101 S. E. 185), s. c. 151 *Ga.* 165 (106 S. E. 98). Error is assigned upon the ruling of the court in overruling the oral motion or demurrer to the amendment to the plaintiff's petition, on the ground that the amendment set out a new cause of action. We do not agree to this contention. The plaintiff, in his

petition, alleged that he was claiming title to the land in controversy under a deed made by C. S. Wilkes to the plaintiff on June 23, 1917, which was filed for record on June 23, 1917, and recorded on July 2, 1917. On the other hand the defendant, Mrs. Margaret Wilkes, is claiming under a deed from the same grantor, bearing date February 19, 1914, but not filed for record until July 9, 1917, and recorded July 11, 1917. Plaintiff alleged, and his evidence tended to show, that he bought the land from the common grantor without any notice, actual or constructive, of the title of Mrs. Wilkes, one of the defendants. We are therefore of the opinion that the amendment to the petition offered by the plaintiff is not subject to the criticism that it sets out a new cause of action. The cause of action is his title to the land, and the amendment merely offers additional reasons to those set out in the petition as to why the title relied on by Mrs. Wilkes is not only inferior to that of the plaintiff but is void for the alleged reason that at the time her son, C. S. Wilkes, executed the deed to her he was a minor, and that the deed was without consideration; that the deed was given to Mrs. Margaret Wilkes for the sole purpose of allowing her to borrow a sum of money at the time on the deed; and that she did not use the deed for that purpose, and therefore it was not valid and effective. This is not setting out a new cause of action; and the court below did not err in allowing the amendment over the sole objection that it set out a new cause of action. The cases of *Ring* v. *Ring,* 112 *Ga.* 854 (38 S. E. 330), *Brand* v. *Power,* 110 *Ga.* 522 (36 S. E. 53), *Christian* v. *Ross,* 145 *Ga.* 284 (88 S. E. 986), and others of similar import, relied upon by plaintiff in error as supporting the proposition that a new cause of action is set out by the amendment, are not in point.

2. The first special ground of the motion for new trial complains that the court permitted a witness for the plaintiff, C. S. Wilkes, to testify, over objection, that prior to the time that he sold this land to the plaintiff, he saw his mother, Mrs. Wilkes, one of the defendants, in order to see if it was satisfactory to her for him to sell this land to the plaintiff. This witness answered that he told his mother about it, and that she said it was all right. He also testified that prior to that time he had made a deed to his mother to this land, and that at that time he was not of age. The objections urged against the evidence was that it was ir-

relevant and immaterial and prejudicial to the rights of the defendant. There was no evidence to show that the witness told the plaintiff that his mother had said that it was all right for witness to sell the land to plaintiff, and that the latter acted upon such representation in buying the property, and not upon his own judgment. In these circumstances the evidence was irrelevant. *McCune* v. *McMichael,* 29 *Ga.* 312; *Stonecipher* v. *Kear,* 131 *Ga.* 688, 692 (63 S. E. 215, 127 Am. St. R. 248). HILL and GILBERT, JJ., concur specially as to the ruling in this division.

3. Error is also assigned upon the following charge to the jury: " The court instructs you, with respect to the law in the case, that every deed conveying land shall be recorded in the office of the clerk of the superior court in the county where the land lies. The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." This charge is in the language of the code, and is not erroneous as not applicable to the facts made by the pleadings and evidence, or for any other reason assigned. Civil Code (1910), § 4198.

4. The court charged the jury as follows: " Possession of land is notice of whatever right or title the occupant has. Possession by the husband with the wife is presumptively his possession, but it may be rebutted. He who takes with notice of an equity takes subject to that equity. Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge in fixing the rights of the same parties." This charge is not subject to the criticism that this proposition of law was not involved in the case, and that it tended to confuse and mislead the jury as to real issue before them. In the absence of any special request, it was not error for the court to fail to charge more fully as to how they should apply the rules of law given in his charge to the facts of the case.

5. The charge of the court complained of in the 6th ground of the motion for new trial was error, because based upon evidence which was held in the second division of this opinion to be inadmissible.

6. As the case goes back for another hearing, we express no

opinion as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur. Hill and Gilbert, JJ., concur in the result.*