20797. WILLIAMSON *v.* FLOYD COUNTY WILDLIFE ASSOCIATION, INC., *et al.*

DUCKWORTH, Chief Justice. This case is one in ejectment, in which an equitable plea was filed, alleging that the absolute deed upon which the petitioner, Floyd County Wildlife Association, relies for title was in fact a deed to secure debt, which had not matured and under which the grantees had the right to enter and cut timber to pay off the indebtedness; that the Floyd County Wildlife Association has entered and cut pulpwood sufficient to pay the indebtedness in full with interest; and the defendant prayed for a decree of fee-simple title in the land in controversy, free and clear of any lien or cloud on the title created by the deed to secure debt and any subsequent deed or deeds given by the grantees in the alleged deed to secure debt. At the trial, upon the presentation and admission in evidence of certain deeds showing title out of the defendant and into the plaintiffs, it was stipulated that a prima facie case had been made. Thereafter, the defendant presented evidence that he could not read and thought he executed a mortgage and timber deed; that the absolute deed was in fact a deed to secure a debt of either $1,850 or $1,950, bearing interest at 6%, maturing in 20 years, but with the right of the grantees to cut timber if the grantor did not pay off the indebtedness; that he had endeavored to pay off part

of the indebtedness without success; and that the Floyd County Wildlife Association had entered and cut pulpwood on the property in the amount of from two or three loads a day from every day to every other day in the week for about a year, each load containing anywhere from two to four units; that a unit of pulpwood is worth $7.50 on the stump; and that from 150 to 200 units had been hauled out. The deed in question was a warranty deed, dated October 31, 1950, reciting a consideration of $1,950, and recorded November 2, 1950, in the Floyd County records. After the defense rested its case, the plaintiffs made a motion for a directed verdict, and after argument thereon, the court directed the jury to return a verdict in favor of the plaintiff to the premises in dispute, and judgment was entered accordingly. The exception is to the order directing the verdict. *Held:*

1. Code § 85-408 states that possession of land is notice of whatever right or title the occupant may have, and a deed absolute in form may be shown by parol evidence to have been made to secure a debt where the maker remains in possession of the land. *Luke* v. *Crumley,* 214 *Ga.* 638, 643 (106 S. E. 2d 776); *Sims* v. *Sims,* 162 *Ga.* 523 (1) (134 S. E. 308); *Hand* v. *Matthews,* 153 *Ga.* 75 (1) (111 S. E. 408); *Askew* v. *Thompson,* 129 *Ga.* 325 (2), 328 (58 S. E. 854); *Jay* v. *Whelchel,* 78 *Ga.* 786 (3) (3 S. E. 906). And the occupant may assert his equity against the grantee and a bona fide purchaser of the land from the grantee who has no actual notice of the occupant's equity and who makes no inquiry of the occupant. Code § 37-115; *Ray* v. *Etheridge,* 195 *Ga.* 787 (2) (25 S. E. 2d 570); *Chandler* v. *Georgia Chemical Works,* 182 *Ga.* 419 (1) (185 S. E. 787, 105 A. L. R. 837); *Simpson* v. *Ray,* 180 *Ga.* 395 (178 S. E. 726); *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881).

2. While the defendants in error argue strenuously in their brief that the evidence was vague and indefinite, and not clear, unequivocal, and decisive as required under Code Ch. 37-2, showing the mistake or fraud committed, and as required by the burden of proof under Code § 38-103, nevertheless, the evidence that the defendant was unable to read or write and thought he was signing a mortgage and timber deed to secure a debt with the right to cut timber to pay off the indebtedness, that the debt was not due and did not mature for 20 years,

and was bearing interest at 6%, was sufficient to make a question for a jury, and the court erred in directing the verdict. Even though the evidence as to the value and amount of the pulpwood allegedly cut might be so vague and indefinite that the jury could not determine whether or not the indebtedness had been paid in full with interest, as alleged in the equitable plea, it still would have been error to have directed the verdict although the evidence might not have proven every allegation of the plea. However, although admittedly vague, as stated by counsel for the plaintiff in error in their brief, this evidence would be sufficient to go to a jury as to whether or not the amount of the timber cut was equal to the indebtedness and interest due thereon. It follows that the court erred in granting the motion to direct the verdict against the defendant.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*Vaughn Terrell, Mitchell, Clark, Pate & Anderson, Greeley H. Ellis, Jr.,* for plaintiff in error.

*Parker, Clary & Kent, Jack Kent, Jr.,* contra.