## 21202. WILLIAMSON v. FLOYD COUNTY WILDLIFE ASSOCIATION, INC., *et. al.*

Duckworth, Chief Justice. This is an ejectment case, in which the defendant in ejectment alleges that an absolute deed, executed by him to the predecessor in title of the plaintiff, was in fact a deed to secure debt with the right to cut timber to pay off the indebtedness, and that sufficient timber to pay off the indebtedness has been cut by the plaintiff. This is the second appearance of this case in this court. In *Williamson v. Floyd County Wildlife Association*, 215 Ga. 789 (113 S. E. 2d 626), this court reversed the lower court's direction of the verdict in favor of the plaintiff. After the remittitur of this court became the judgment of the lower court, a new trial resulted in a verdict by the jury in favor of

the plaintiff. A motion for new trial was filed, amended, heard and overruled, and the exception is to that judgment. Except for the general grounds, all of the grounds complain of portions of the charge. *Held:*

1. Possession of property by the vendor after an absolute conveyance is prima facie evidence of fraud, which may be explained, and, after possession is proved, the burden of explaining it rests upon those claiming under the sale. *Fleming v. Townsend,* 6 Ga. 103 (1) (50 Am. Dec. 318) ; *Patterson Co. v. Peoples Loan &c. Co.,* 158 Ga. 503 (123 S. E. 704) ; *Glenn v. Burgess,* 160 Ga. 348 (127 S. E. 757) ; *Simpson v. Ray,* 180 Ga. 395 (178 S. E. 726) ; *Chandler v. Ga. Chemical Works,* 182 Ga. 419 (185 S. E. 787, 105 A. L. R. 837). The court gave several instructions in the charge as to the burden of proving fraud, thus placing the burden of proving fraud upon defendant, who is the movant and the plaintiff in error. But the above rule of law, instead of placing the burden upon the grantor, places the burden of explaining the transaction to be an outright sale upon the grantee after it is proved that the defendant remained in possession after the deed was executed. Special grounds 5, 6, and 7, complaining of excerpts from the charge on fraud which placed the burden of proving it upon the defendant, when in fact a prima facie case of fraud was made by possession, are all meritorious, since the burden was upon the plaintiff to overcome this prima facie evidence. It follows that the court erred in failing to grant the motion for new trial, as amended, upon these grounds.

2. Special ground 2 complains of a charge in terms of *Code* § 105-304, that one who stands idly by and permits another to purchase his property without disclosing his title is guilty of such fraud as will estop him from subsequently setting up such title against the purchaser, because it was not applicable to the issues and the law gives no protection to one who has notice. The law, *Code* § 85-408, states that possession is notice of whatever right or title the occupant has, and the purchaser is charged with knowledge that the defendant occupied the land. *Code* § 85-408 operates only in favor of a bona fide purchaser without notice, and the plaintiff had notice of possession here. See *Brown v. Tucker,* 47 Ga. 485; *Patterson v. Esterling,* 27 Ga. 205; *McCune v. McMichael,* 29 Ga. 312; *Stonecipher v. Kear,* 131 Ga. 688 (63 S. E. 215, 127 Am. St.

762

Rep. 248). While there was evidence that the plaintiff made inquiry as to the occupancy of the defendant, which the plaintiff's evidence shows to have been as tenant instead of as owner, this evidence was denied by the defendant, thus making a question for the jury to decide as to whether or not the defendant was in possession as tenant or as owner, nevertheless, the court was not authorized to charge that by the defendant's silence he would be estopped to set up his title to the property, and this special ground of the motion is also meritorious.

3. In charging the jury as to the form of their verdict, the lower court only charged as to the form of the verdict should the jury find for the plaintiff, and failed to charge the form of the verdict should the jury find for the defendant. This was error, for prior thereto the court had instructed the jury as to certain mathematical calculations it had to perform if it should find the deed in question was given to secure debt, yet neglected to advise the jury as to what form of verdict to use should the jury so find for the defendant. The eighth special ground, complaining that the failure to charge what the form of the verdict should be if the jury found for the defendant amounted to an expression of opinion in favor of the plaintiff, is therefore meritorious.

4. There was evidence to support the verdict, and the general grounds are without merit. However, for all the reasons stated above a new trial must be ordered.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Greeley Ellis, Vaughn Terrell,* for plaintiff in error.
*Parker, Clary & Kent, Horace T. Clary,* contra.