### 21294. ROBINSON v. WRIGHT *et al.*

DUCKWORTH, Chief Justice. 1. Possession of land is notice of whatever right or title the occupant has. *Code* § 85-408. And where a vendor remains in possession after an absolute sale, this is prima facie evidence of fraud which may be explained; and after possession is proved, the burden of explaining it rests upon those claiming under the sale. *Peck v. Land,* 2 Ga. 1 (46 AD 368); *Fleming v. Townsend,* 6 Ga. 103 (50 AD 318); *Williamson v. Floyd County Wildlife Assn.,* 216 Ga. 760 (119 SE2d 344). But as between grantor and grantee neither prescription nor the statute of limitation is available as a defense, since the grantor's possession is not adverse until an adverse claim and actual notice to the other party is made. *Code* § 85-402; *Jay v. Whelchel,* 78 Ga. 786 (3 SE 906).

2. Where, as here, the petitioner had a life estate in certain real property, but, as alleged, by mistake of the scrivener, she had mistakenly conveyed to the defendant this property along with other property, and the defendant in turn had conveyed to another defendant, neither of whom had ever been in possession of the property nor claimed any interest therein until the dispossessory proceedings brought by the defendant holding the last deed, which the petitioner here seeks to restrain, she having remained in possession—the defendants acquired no right or interest in or to the land which would be adversely prejudiced by reformation of the deed, and her petition for equitable relief and to reform the deed of conveyance alleges a cause of action for the relief sought. *Code* §§ 37-205, 37-206, 37-215; *Long v. Gilbert,* 133 Ga. 691 (66 SE 894);

*Kight v. Gaskin,* 139 Ga. 379 (77 SE 390); *Green v. Johnson,* 153 Ga. 738 (113 SE 402); *Gibson v. Alford,* 161 Ga. 672 (132 SE 442); *McDonald v. Mullins,* 197 Ga. 511 (29 SE2d 507); *Sheldon v. Hargrose,* 213 Ga. 672, 675 (100 SE2d 898).

Accordingly, the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 10, 1961—DECIDED SEPTEMBER 8, 1961.

*Ronald F. Adams,* for plaintiff in error.