21462. NEAL *et al.* v. DOVER *et al.*

DUCKWORTH, Chief Justice. This is an ejectment case, in which the defendants answered alleging that the deed in the chain of title by which these petitioners obtained title from their common grantor and claim title thereunder was in fact a deed to secure debt, instead of an absolute deed as therein stated, and that the defendants and their predecessors in title had remained in possession of the property after this deed was given. The prayers of the answer and cross-action were for a decree of title in the defendants, subject to a lien for the balance of the indebtedness, for cancellation of the deeds constituting a cloud on their title; and for such other relief as they may be entitled to under the facts and circumstances. Demurrers were filed to the answer and renewed after an amendment thereto, and, after a hearing at the trial, the same were overruled. Certain stipulations were made before trial, and the defendants admitted a prima facie case, that "but for our defense they (petitioners) would be entitled to a verdict and judgment." Thereafter, a trial resulted in a jury verdict in favor of the defendants and cancellation of the deeds in the chain of title of the petitioners upon payment of $370.40 to the petitioners. A motion for new trial, which was later amended, came on for a hearing and was denied, and the exceptions are to this final judgment and the judgment overruling the demurrers to the amended answer referred to above. *Held:*

1. In a proceeding to cancel a deed, both the grantor and grantee therein are proper, essential and necessary parties. *Pierce v. Middle Ga. Land &c. Co.,* 131 Ga. 99, 101 (61 SE 1114); *Brown v. Wilcox,* 147 Ga. 546 (94 SE 993); *Manning v.*

*Simmons,* 207 Ga. 304 (61 SE2d 150); *Linder v. Ponder,* 209 Ga. 746 (75 SE2d 814); *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524). This is true, as a party having executed a deed as the grantor or received the transfer of the property as grantee can not be said to be no longer interested in preserving his solemn contract executed under all the solemnity required by law in the execution and delivery of deeds. However, the general demurrer to the defendant's answer is without merit, since, as between the parties plaintiff and defendant, the defendant alleges a good defense even if he might not be entitled to have the instrument canceled of record by reason of lack of parties necessary to have such instrument canceled of record. See *Wyche v. Green,* 32 Ga. 341; *Cleaveland v. La-Grange Banking &c. Co.,* 187 Ga. 65 (200 SE 137). The demurrers not having attacked the answer on this question, the court did not err in overruling a mere general demurrer "that no defense to said action is set out in the answer as amended."

2. The special demurrers complaining of the defense as a violation of *Code* § 38-1603 (persons competent to testify), in that the suit is one instigated and defended by transferees of a deceased person are without merit, since the Code section set forth deals with the right of the opposite party to testify and not to prevent him from otherwise proving his defense as to the transaction with the deceased person.

3. Having reviewed all the demurrers in this record, some of which have been cured by later amendment and the others being without merit, suffice it to say the answer and cross-action sets forth a valid defense, and none of the demurrers is meritorious.

4. The first special ground complaining of a charge on circumstantial evidence, because there was no question of circumstantial evidence in the case, is without merit since the record does contain evidence from which deductions might be made thus amounting to circumstantial evidence.

5. The second special ground complains of a charge on the meaning of the stipulation of certain evidence, because it amounted to an instruction to disregard the stipulation of a prima facie case in favor of the petitioners, and not "to draw an inference either for or against either party merely from the fact that such party may have stipulated" certain facts.

This ground is without merit, since the court fully charged elsewhere on the meaning of the admission of a prima facie case.

6. The third special ground objects to certain portions of the charge on the recording of deeds and their priority, prescriptive title, and actual and adverse possession, because there were no such issues in the case, and the charge was misleading and confusing since a prima facie case was stipulated in favor of the petitioners, and this excerpt from the charge injected issues not raised by either the pleadings or the evidence. Possession remaining with the grantor and never surrendered, as pleaded here, would be evidence of prescriptive title against others, but is not adverse to the holder of the deed to secure debt. Compare *Jay v. Whelchel*, 78 Ga. 786 (3 SE 906). However, the evidence of the petitioners showed possession of the property by them and their tenant for more than seven years under a deed, and this evidence would have authorized the charge on prescription and actual and adverse possession. But the excerpt was misleading and confusing in charging on the priority of deeds, and erroneous in charging that a subsequent recorded deed from the same vendor would take priority from an earlier deed. The question of the recording and priority of the deeds was not in issue here, as a prima facie case had been stipulated in favor of the petitioners, and all of the deeds stipulated in evidence having been recorded as therein shown. This portion of the charge being harmful to the movants requires the grant of a new trial on this ground.

7. The fourth special ground complains of an excerpt from the charge that, even though a deed be absolute in form, when the maker remains in possession it may be shown to have been made to secure debt. This is a correct abstract principle of law applicable to this case, and this ground is without merit. *Williamson v. Floyd County Wildlife Assn.*, 215 Ga. 789, 790 (1) (113 SE2d 626), and cases cited therein; and again in the same case reported in 216 Ga. 760 (119 SE2d 344). The evidence was uncontested that the house was rented, but in conflict as to whether the tenant occupied the premises as the tenant of the petitioners and their predecessors in title or as the tenant of the defendants and their predecessors in title. Thus the evidence and the pleadings authorized the charge.

8. The court having properly charged the preponderance of evidence rule in accordance with *Code* § 38-105, where the defense alleges that the absolute deed was in fact a deed to secure debt, and that the grantor remained in possession of the property, the ground objecting to this excerpt is without merit. See *Williamson v. Floyd County Wildlife Assn.*, 216 Ga. 760 (1), 761, supra. The case of *Dixon v. Dixon*, 211 Ga. 557, 566 (87 SE2d 369), requiring that the evidence of an oral agreement to prove a trust must be of such nature as to banish every reasonable doubt is inapplicable, since the instant case is based on a prima facie case of fraud where the grantor remains in possession after making an absolute deed, which may be explained.

9. The credibility of a witness is a matter for determination peculiarly and exclusively by the jury under proper instruction of the court. *Code* § 38-1805; *Hancock v. Wilson*, 214 Ga. 60 (2) (102 SE2d 551), and cases cited therein. The trial court, during the progress of the trial, having concurred in the statement of counsel that the witness was one of the finest gentlemen practicing before the bar, thus complimented the witness, thereby lending weight to his testimony, in violation of law. *Pound v. State*, 43 Ga. 89, 90 (7); *Jefferson v. State*, 80 Ga. 16 (5 SE 293); *Alexander v. State*, 114 Ga. 266 (40 SE 231); *Singleton v. State*, 124 Ga. 136 (52 SE 156). It follows that special ground 6 of the amended motion, complaining thereof, is meritorious, requiring the grant of a new trial.

10. Whether or not the witness was the attorney of the client about whom he was testifying in this instance, the rule set forth in *Code* § 38-1605, that communications between attorney and client are privileged and the attorney is an incompetent witness, it can not be invoked by strangers to such relationship. *Yarbrough v. Yarbrough*, 202 Ga. 391, 403 (43 SE2d 329). For this reason this ground is without merit.

11. The opposite party may not testify as to transactions or communications with an insane or deceased person where the suit is instigated or defended by indorsees, transferees, or the personal representatives of the deceased person. *Code* § 38-1603 (1). But the objection here is to the complete evidence of the witness, some of which is clearly not subject to the criticism made, and for this reason, the court will not at-

tempt to separate the "chaff from the wheat." Whether or not the witness in this instance was the opposite party, this is not a good ground of a motion for new trial. *Trammell v. Shirley*, 38 Ga. App. 710, 716 (145 SE 486), and cases cited therein.

12. Special ground 9 complains of the allowance in evidence of a document over objection that it had no reference to the transaction or absolute deed alleged to be a deed to secure debt. The instrument was properly identified as a note signifying indebtedness between the grantor and grantee which the alleged security instrument was given in part to secure, and it was not subject to the grounds of complaint. This ground is without merit.

13. Special ground 10 complains of the refusal to allow a witness to testify as to his knowledge that the movants had title to the property. The highest and best evidence of title is the original deed, which was stipulated in evidence and did not have to be proved further. This ground is without merit.

14. The evidence was sufficient to support the verdict in favor of the defendants that, as between these parties, the absolute deed was in fact a deed to secure debt. But in the absence of necessary, proper and essential parties, as ruled in headnote 1, the order of cancellation of the deeds would be unjustified, and the verdict of cancellation was unauthorized. Since, for the reasons stated above, a new trial must be granted, all necessary, essential, and proper persons for cancellation should be made parties if the defendants insist upon their prayers for cancellation in their cross-action on a new trial of the issues in this case.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1961—DECIDED JANUARY 4, 1962—
REHEARING DENIED JANUARY 22, 1962.

*R. C. Scott, Scott & Bouwsma, Kimzey & Kimzey, Herbert B. Kimzey*, for plaintiffs in error.

*Kenyon, Kenyon & Gunter, E. D. Kenyon*, contra.