## 29863. GAITHER v. THE STATE.

PER CURIAM.

This is an appeal from a conviction for the offense of murder. The trial court granted a motion for new trial on the conviction for the offense of aggravated assault and overruled the motion as to the murder conviction.

While in conflict, there is evidence to show that the defendant went to the house of one Gary Rose, his seventeen-year-old friend. The two talked of getting some money as they drank beer and took pills, all of which were provided by defendant. They then went looking for

someone to rob. Upon seeing a man walking on the sidewalk with a bag of groceries, defendant handed Rose a gun and told him to "go ahead." Rose approached the man and asked for money. A scuffle ensued and Rose shot and killed the man. Both Rose and the defendant fled.

1. The evidence supports the verdict of guilty on the indictment for murder by malice aforethought based upon a conspiracy. *Jones v. State,* 220 Ga. 899 (142 SE2d 801). See also Code Ann. § 26-801.

2. The defendant enumerates error in the following charge of the court on the guilt phase of the trial: "Whatever your verdict is, ladies and gentlemen, it must be in writing, it must be dated and signed by your foreman or forewoman and returned into court. I suggest that you just open each of these indictments and write your verdict at the top of this page, because later on in the sentencing feature of the case, you will have to write the sentencing feature in the bottom part of the page. So, if you will, write them at the top of this page on each of the indictments with reference to all of these counts." He contends that the charge expressed the opinion of the trial court to the jury that the defendant was guilty of the crimes charged.

The state contends that he waived any objection to the charge by virtue of the fact that at the conclusion of the charge the trial judge asked the defendant's counsel if there were any objections to the charge and counsel replied, "I will reserve my objections to the charge for motion for new trial." We disagree. "Under the Appellate Practice Act of 1965 as amended (Ga. L. 1965, p. 18; 1968, p. 1072, 1078), an appellant in a criminal case may appeal and enumerate error on an erroneous charge or on erroneous failure to charge without first raising the issue in the trial court. *Spear v. State,* 230 Ga. 74 (195 SE2d 397). The benefits of this rule are not deemed waived by defendant even where his counsel states to the trial judge that he has no objection to the charge of the court." *Sims v. State,* 234 Ga. 177, 178.

It is error for a trial judge "to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused." Code § 81-1104. See *Nixon v. State,* 14 Ga. App. 261, 263 (80 SE 513). A new trial is mandatory. *Neal v. State,* 217 Ga. 545 (123 SE2d 760).

*Judgment reversed. All the Justices concur in Division 1, except Gunter and Ingram, JJ. All the Justices concur in Division 2, except Hall, J., who dissents from Division 2 and the judgment of reversal.*

SUBMITTED APRIL 21, 1975 — DECIDED MAY 20, 1975.

*Myers, Mull & Sweet, Gale W. Mull,* for appellant.

*Lewis R. Slaton, District Attorney, Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Deputy Assistant Attorney General,* for appellee.

HALL, Justice, dissenting.

I dissent for the same reasons stated in my dissent in *Sims v. State,* 234 Ga. 177.

This court has held that the right of counsel for an accused includes the right to effective counsel. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515); *McAuliffe v. Rutledge,* 231 Ga. 1, 3 (200 SE2d 100). Under the mandate of this court in *Sims,* supra, the most effective counsel is one who plays fast and loose with the trial court. It is *no longer* the policy of this court that "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221).

The result in *Sims,* supra, and this case, tends to allow the criminal justice system to be held in contempt by the public.