Indictment for larceny from the house.    Before Judge
SMITH.    Cobb    superior    court.    November adjourned
term, 1893.

J. E. MOZLEY, for plaintiff in error.    G. R. BROWN,
solicitor-general, by HARRISON & PEEPLES, *contra*.

---

BURTON *v.* THE STATE.

On the trial of an indictment for murder, where both the evidence
   and the prisoner's statement indicate that the shooting which
   produced the homicide may have been accidental, and that the
   fatal result may have been due to handling the pistol, not reck-
   lessly, but without the observance of proper caution and circum-
   spection, the offence committed, if any, was not necessarily mur-
   der, but may have been involuntary manslaughter in the com-
   mission of a lawful act; consequently, the court erred in instruct-
   ing the jury that they could render no verdict but one of guilty
   or not guilty.    *Pool* v. *The State*, 87 *Ga.* 526.     *Judgment reversed.*
   March 10, 1893.

Indictment for murder.  Before Judge FISH.    Dooly
superior court.    September term, 1892.

BUSBEE & CRUM, for plaintiff in error.    C. B. HUDSON,
solicitor-general, by HUDSON & BLALOCK, *contra*.

---

·MURKS *v.* THE STATE.

1. Where the showing made touching newly discovered evidence
   discloses that the witnesses were present at the transaction in
   question, and nothing appearing to show ignorance of their pres-
   ence by the party moving for a new trial, the diligence of such
   party is not vindicated.
2. The evidence warranted the verdict.          *Judgment affirmed.*
   March 14, 1893.

Indictment for burglary.    Before Judge RICHARD H.
CLARK.    Fulton superior court.    September term, 1892.

Murks was convicted of burglary, and his motion for
a new trial was overruled.    The evidence tended to show,
v 92-29