## Rose, Alias Ralph Rose v. Commonwealth.

(Decided January 15, 1914.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Indictment—Sufficiency.—An indictment which shows that the defendant stabbed the deceased on a certain day, and charges that the deceased then and there died, sufficiently shows that the deceased died within a year and a day, and is not defective.

2. Criminal Law—Self Defense—Defendant May Act Upon Appearances.—The defendant may act upon appearances, and if he acts reasonably, is justified upon the grounds of self defense or the defense of another where the deceased was the aggressor in the difficulty.

ROSCOE VANOVER and J. M. BOWLING for appellant.

JAMES GARNETT, Attorney General; CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Lapel Rose was indicted in the Pike Circuit Court for the murder of Lotta Maraschina, it being charged in the indictment that he killed the deceased by stabbing him with a knife from which stabbing "the said Lotta Maraschino did then and there languish and die." The defendant demurred to the indictment; his demurrer was overruled. The case coming on for trial, he was found guilty of manslaughter and his punishment fixed from 2 to 21 years in the penitentiary. He appeals.

The first question made on the appeal is that the indictment does not show that the deceased died within

a year and a day after he was wounded. But it is alleged in the indictment that he was stabbed on May 20, 1913, and that he did then and there languish and die. This is an allegation that he died on the day on which he was wounded, and sufficiently shows that he died within a year and a day. The demurrer to the indictment was, therefore, properly overruled.

The facts of the case are these: There were about fifteen or twenty Italians at a house in a little mining camp on Pond Creek on Easter Sunday, 1913, and were celebrating Easter Sunday according to the Italian custom, eating and drinking. Lotta Maraschino had been asleep in the house and when he got up, wanted some more wine. Albino Dorazio declined to give him any more wine and tried to get him to go back to bed and be quiet; thereupon Maraschino began a difficulty with Dorazio, being the aggressor throughout. He drew a pistol which he had, and shot Dorazio twice with it. Dorazio grappled with him and in the scuffle they fell on the ground. Some of the bystanders then called to Lapel Rose, who was a brother-in-law of Dorazio, and in the rear of the house, telling him that Maraschino was killing his brother-in-law and to come to his help. According to some of the evidence when Rose appeared upon the scene Maraschino shot at him, but missed him. He got a knife and while the scuffle on the ground was still going on between Maraschino and Dorazio, he stabbed Maraschino with the knife, the result of the difficulty being that both Maraschino and Dorazio died. Rose's defense was rested mainly upon the ground that he acted in defense of his brother-in-law, and the evidence for him strongly supported this defense. The chief complaint on the appeal is that the court by his instructions did not properly present this ground of defense.

The court by the instruction as to Dorazio, told the jury that if the deceased was then and there about to kill Dorazio with a deadly weapon, and that it appeared to the defendant that there was no other means of averting the real or impending danger to Dorazio except to stab the deceased to save the life of Dorazio, the defendant had the right to use such force as was necessary to prevent the killing of Dorazio. The defendant had the right to act in the defense of Dorazio if he believed and had reasonable grounds to believe that the deceased was about to kill Dorazio, or do him great bodily harm. The

instruction required that the jury should believe that the deceased was about to kill Dorazio and did not allow them to take into consideration the question whether Dorazio was then and there in danger of great bodily harm. The instruction is also erroneous in limiting the right of the deceased to act only to avert the real or impending danger to Dorazio. He had a right to act if the danger was apparent, although it was not real or impending. The court also qualified the self-defense instruction with these words:

"Unless the jury believe from the evidence that the said Albino Dorazio was willingly and mutually engaged in the difficulty with the said deceased at the time of the stabbing and cutting, if they believe defendant did the cutting."

This qualification should not have been added; for the evidence showed that Maraschino was the aggressor not only in making the attack on Dorazio but in drawing his pistol and shooting him when Dorazio was unarmed, and had done nothing to warrant the attack of Maraschino upon him. On another trial the court will give the jury the following instruction in lieu of No. 4:

Although the jury should believe from the evidence beyond a reasonable doubt that the defendant cut, stabbed and killed the said Maraschino; yet, if they further believe from the evidence that at the time he did so he believed and had reasonable grounds to believe that the said deceased was then and there about to kill him or Dorazio, or inflict upon him or Dorazio great bodily harm, and that in the exercise of a reasonable judgment under the circumstances, there appeared to him to be no other safe means of averting the real, or to him apparent danger to himself or Dorazio, but to cut and kill the said Maraschino; then and in this event the defendant had the right to use such means as reasonably appeared to him necessary to protect himself or Dorazio from said real, or to him apparent danger, even to the extent of stabbing and killing the deceased, and if the jury so believe they will find the defendant not guilty.

Under all the facts we conclude that a new trial should be granted.

Judgment reversed and cause remanded for further proceedings consistent herewith.