## SCRUTCHENS *v.* THE STATE.

FISH, C. J.   1. As the judgment must be reversed on other grounds, and the same question is not likely to arise on another trial, the grounds of the motion for new trial complaining of the refusal by the court to grant a continuance will not be decided.

2. In the seventh, eighth, and ninth grounds of the motion for new trial, the admission of certain evidence therein set out, over the objection of the accused, was assigned as error on the ground that it was immaterial and irrelevant.   The evidence so admitted was as follows: "When I [Gray] come out [meaning out of depot], he [defendant] called me [Gray] a son of a bitch, and I [Gray] hit him." "I went into the depot and could not find the handcuffs, and come back out, and Joe Scrutchens was cursing everybody black and blue; he was using these words 'by God' and 'God dam' freely.   I don't know who he was referring to." "They carried Joe [defendant] to the calaboose. He tried to fight around there a while. Mr. Monroe and Mr. Gray and Ernest Smith was the ones that I saw carrying him, dragging him; they had trouble in carrying him."   *Held,* that the evidence was admissible as res gestæ, and was relevant and material as tending to show the animus of the accused on the occasion of the homicide.   See *Revel* v. *State,* 26 *Ga.* 275; *Helms* v. *State,* 138 *Ga.* 826 (76 S. E. 353); 2 Wharton's Criminal Evidence, § 923; 1 Michie on Homicide, 670, and cases cited.

3. The court erred in admitting in evidence, over objection by the accused that it was irrelevant and immaterial, testimony as to a conversation which took place between the accused and the witness more than a year prior to the homicide, and in permitting the witness to testify that he thought from such conversation that the accused entertained ill-feeling towards the decedent; such evidence being as follows:   "I think there was feeling.   I had Mr. Collins [the deceased] as cut foreman then, and he fired Joe's [the accused] boy; and Joe come up to the office, cursing Mr. Collins, and wanted me to put the boy back.   And I do not remember the cursing words Joe said in regard to that; but the substance was that if he (Collins) had turned him (defendant) off he would have fixed him, or something to that effect.   That was a little bit over a year ago."   *Pound* v. *State,* 43 *Ga.* 88; *Horton* v. *State,* 110 *Ga.* 739 (35 S. E. 659).

4. On the trial of one indicted for murder there was evidence tending to show that the son of the accused informed him that the decedent had cursed the wife of the accused, and immediately thereafter the accused and the decedent met; whereupon the accused asked the decedent why he had cursed his wife, and the decedent replied that he had not cursed. her, and the accused replied that he was a damned liar. There was evidence as to some other continued altercation, during which they each, while ten or twelve feet apart, stooped to get rocks from the ground, and the accused first secured a rock, and while the decedent was still in a stooping position, trying to pick up a rock, the accused threw his rock at the decedent, who was struck on the head, sustaining a wound which resulted in his death, which occurred during the night following the day of the rencounter. One of the witnesses stated that the rock was about the size of his fist. *Held*, that such evidence was sufficient to require a charge of the law of involuntary manslaughter as defined in the Penal Code, § 67; and therefore it was erroneous for the judge, without request, to omit to charge on the subject of involuntary manslaughter and by his charge to restrict the jury to consideration of murder, justifiable homicide, and voluntary manslaughter. See *Kelly v. State*, 145 *Ga.* 210 (88 S. E. 822), and cases cited.

5. The remaining grounds of the motion for new trial complain of excerpts from the charge given to the jury, and of the refusal to give certain requested instructions without modification or change. None of the complaints so presented was of such character as to require the grant of a new trial. *Judgment reversed. All the Justices concur.*

NOVEMBER 17, 1916.

Indictment for murder. Before Judge Fite. Bartow superior court. June 6, 1916.

*Neel & Neel, Paul F. Akin,* and *C. C. Pittman,* for plaintiff in error. *Clifford Walker, attorney-general, Joseph M. Lang, solicitor-general, James R. Whitaker,* and *Mark Bolding,* contra.