REED *v.* THE STATE.

GILBERT, J. 1. Where an indictment was headed "Georgia, Berrien County," this was sufficient to show for what county the grand jurors were drawn and served, and of what county they were. *Stevens* v. *State,* 76 *Ga.* 96; *Braxley* v. *State,* 143 *Ga.* 658 (85 S. E. 888). A demurrer upon the ground that it was not shown by the indictment that the grand jurors were citizens of Berrien County was properly overruled.

2. Where an indictment alleged that the accused, on the 25th day of March, 1907, "then and there unlawfully, feloniously, wilfully, and of his malice aforethought did kill and murder . . Elliott Mayer," a demurrer on the ground that the indictment did not "show when the deceased died, if in fact he did die," was without merit and was properly overruled. It was alleged that he was killed on a specified day. "If killed on that day, he died on that day." *Thomas* v. *State,* 71 *Ga.* 44 (5) 48: *Hicks* v. *State,* 105 *Ga.* 627, 628 (31 S. E. 579).

3. The excerpt from the charge of the court on the subject of reasonable fears, that "the sufficiency of the fears is, under the evidence, a question exclusively for the jury to pass upon and decide," was not erroneous. *Cumming* v. *State*, 99 *Ga.* 662-667 (27 S. E. 177).

4. There was no evidence requiring a charge to the jury upon the subject of involuntary manslaughter; and under repeated rulings of this court the failure to charge on the subject of manslaughter, when made an issue only by the statement of the accused, has been held not to be error in the absence of a proper written request. *Jackson* v. *State*, 91 *Ga.* 271 (3), 273 (18 S. E. 298, 44 Am. St. R. 22) ; *Thornton* v. *State*, 107 *Ga.* 683 (6), 689 (33 S. E. 673). The deceased was struck with a "cutter" or "hack" having a handle about four feet long, used in boxing pine trees for turpentine purposes, fracturing the skull and spilling the brains, from which death ensued within two or three minutes. There was evidence of the defendant's flight, thus escaping arrest for about ten years. The accused detailed previous threats on the part of the deceased to kill him. The facts were sufficient to authorize a finding that the killing was intentional and unprovoked, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and* ATKINSON, J., who dissents on account of the ruling announced in the fourth headnote. *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479) ; *Kelly* v. *State*, 145 *Ga.* 210 (3), 213 (88 S. E. 822) ; *Scrutchens* v. *State*, 146 *Ga.* 189 (4), 190 (91 S. E. 25).

No. 758. APRIL 11, 1918.

Indictment for murder. Before Judge Thomas. Berrien superior court. December 22, 1917.

*Story & Story*, for plaintiff in error.

*Clifford Walker*, attorney-general, *Fondren Mitchell*, solicitor-general, and *M. C. Bennet*, contra.