## Correll v. Commonwealth.

(Decided September 27, 1932)

H. C. KENNEDY and C. C. DUNCAN, for appellant.

BAILEY P. WOOTTON, Atty. Gen., and FRANCIS M. BURKE, Asst. Atty. Gen., for Commonwealth.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Green Correll, has been sentenced to prison for eleven years for the killing of Henry Phillips. He asks a reversal of the judgment upon the grounds that there was no evidence authorizing the qualification of the self-defense instruction, and that the commonwealth's attorney was guilty of improper and prejudicial argument.

The trouble occurred in the mountainous section of Wayne county. The evidence of the Commonwealth was confined to proof that ill feeling had existed between

the parties, and by members of Phillips' family that he was unarmed when he left home and there was no weapon on or by his body when they went to the place shortly after receiving word that he had been shot. There was indication of some one having stood behind a nearby tree. An arresting officer testified the defendant admitted having killed Phillips. The defendant's evidence was that Phillips was angered at him because he had testified against Phillips in a lawsuit about a year before. A forest fire had started that morning and spread to the land of the deceased, and Correll and three other men had been called and were fighting the flames when Phillips came up cursing them and accusing the men with having started the fire in order to create trouble. Each of them denied having done so, except Keith, who said that a few nights before he had been burning some new ground adjoining and it may have come from that. Phillips continued cursing and Correll told him he did not want to have any trouble, when Phillips, with an oath, replied that he did not have nerve enough to have trouble. He was in the act of pulling a pistol out of his pocket when the defendant beat him to it and shot him. Evidence was introduced tending to prove that Phillips was armed that morning shortly before he went to the woods and that his pistol had been taken from his body by one of his sons. Threats to kill Correll were also proven. The defendant excused the carrying of a pistol by showing he was a deputy constable and usually carried it as such officer.

The place of the homicide was more than a quarter of a mile from the home of the deceased and not far from his fence line. There is no evidence whatsoever tending to show that the defendant went upon the land of the deceased for any purpose other than to join the neighbors in fighting the fire. All the eyewitnesses corroborate the defendant as to how the killing occurred, and there is no contradiction.

An instruction was given by the court to the effect that if the jury should believe beyond a reasonable doubt that the defendant brought on the difficulty by arming himself and going on the deceased's premises for the purpose of provoking a difficulty with the deceased and killing him, and when in no danger himself, either real or reasonably apparent, at the hands of Phillips, he commenced the difficulty by drawing his

pistol and making a threatening demonstration toward the deceased, and thus made the danger to himself at the hands of Phillips, if such danger there was, then he (the defendant) was not entitled to an acquittal on the ground of self-defense or apparent necessity. The Attorney General frankly concedes the absence of evidence justifying this qualification. It is an elemental rule that where evidence is lacking to support such qualification it is error to give the instruction. Rose v. Commonwealth, 156 Ky. 817, 162 S. W. 107; Norton v. Commonwealth, 196 Ky. 90, 244 S. W. 310; Estepp v. Commonwealth, 185 Ky. 156, 214 S. W. 891; Jamerson v. Commonwealth, 222 Ky. 70, 299 S. W. 1093.

The abuse of the defendant's witnesses by the commonwealth's attorney was highly improper. Upon another trial it should be omitted.

The judgment is reversed.