29921. HEAD *v.* THE STATE.

DECIDED JANUARY 27, 1943.

*Ed Wohlwender,* for plaintiff in error.
*Hubert Calhoun, solicitor-general,* contra.

GARDNER, J. This case is here on exceptions to a judgment overruling a demurrer to an indictment which charges ". . the offense of murder; for that the said Charlie Head, in the county aforesaid, did unlawfully and with force and arms, wilfully, feloniously, and with malice aforethought, kill and murder Charles Burch by shooting him, the said Charles Burch, with a pistol on the 11th day of August, 1941, at which time a mortal wound was inflicted upon the said Charles Burch by the said Charlie Head in the manner aforesaid, of which said wound the said Charles Burch died on the 22d day of August, 1942." The demurrer attacks the indictment, (a) because the allegations set out no offense under the laws of Georgia, and (b) because the indictment on its face shows that the deceased did not die within a year and a day from the date the mortal wound was inflicted. Two questions are presented for decision: (1) Is the indictment sufficient to charge any crime of homicide under the laws of this State? (2) Is the indictment sufficient to charge any other criminal offense?

1. (*a*) So far as we have been able to determine, all the au-

thorities are agreed that by the English common law, to be murder, the death must have occurred within a year and a day from the date the wound was inflicted. Wharton on Homicide (3d ed.) 19, § 18; 26 Am. Jur. 190, § 46; 20 A. L. R. 1004, 1006, note.

(b) The constitution (Code, § 2-8503), declares: "All laws now of force in this State, not inconsistent with this constitution and the ordinances of this convention, shall remain of force until the same are modified or repealed by the General Assembly." That provision renders of force the principles and doctrines of the common law, unless expressly repealed by statute. *Higdon* v. *Bell*, 25 *Ga. App.* 54 (4) (102 S. E. 546); *Grimmett* v. *Barnwell*, 184 *Ga.* 461, 464 (192 S. E. 191).

(c) The only statutes in this State pertinent to this principle relating to the offense of murder are: (1) The Code, § 27-601, which defines the limitation periods of the various offenses prescribed in this State. It refers to the time within which the indictment may be found and filed in the proper court to begin the prosecution. For murder it is any time after the death of the person killed. (2) The Code, § 26-1002, which defines murder as follows: "Murder is the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied." It will be noticed that the two sections mentioned make no reference as to the time death should ensue from the date the wound was inflicted, to constitute the offense of murder.

(d) There are no common-law offenses in Georgia. The Code, § 26-201, reads as follows: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." See *Jenkins* v. *State*, 14 *Ga. App.* 276 (80 S. E. 688); *Chambers* v. *State*, 194 *Ga.* 773 (22 S. E. 2d, 487). However, the question before us is not one of offense, but one of procedure and evidence.

(e) We find in 21 Cyclopedia of Law and Procedure, 703, the following: "Murder, as defined by the common law, is where a person of sound mind and discretion unlawfully kills a human being, in the peace of the sovereign, with malice and aforethought, express or implied." It will be observed that the definition of murder of our State and that under the common law are almost identical.

(*f*) In 30 C. J. 107, § 298, this rule is announced: "In the absence of a relaxation of the common-law rules, an indictment for homicide must allege the date of the death of the victim, for the reason that it must appear from the indictment that the death occurred within a year and a day from the date of the infliction of the injury." In all the States, so far as we have been able to find, where the common-law doctrine that to be murder the death must ensue within a year and a day from the date of the infliction of the injury, such fact as to time of death must appear from the allegations of the indictment, else it is bad. In Georgia the question in so far as the indictment is concerned is controlled by the ruling to the effect that if the indictment alleges that a person was killed on a date specified in the indictment it alleges that he died on that date. See *Reed* v. *State,* 148 *Ga.* 18 (95 S. E. 692); *Thomas* v. *State,* 71 *Ga.* 44. This ruling was based on the principle that since the proof is not confined to the particular date alleged in the indictment it is sufficient if it shows the commission of the crime within the limitation prescribed by law. It will thus be seen that the principle stated in *Reed* v. *State,* supra, does not go to the extent of holding that an indictment need not allege that the death occurred within a year and a day from the date the injury was inflicted, but rather holds that where an indictment alleges that a person was killed on-a specified date immediate death is alleged.

(*g*) We are prepared to say with assurance that the question as to whether, in order to constitute the offense of illegal homicide in this State, the proof must show that the death occurred within a year and a day from the infliction of the injury has not previously been presented to either this court or to our Supreme Court. We have correlated the above principles of law briefly with the thought that they might be helpful as we follow through with the discussion and cite authorities on this particular question involved in our opinion. "If it does not appear that the death of the person charged to have been killed happened within a year and a day after the wound was given the indictment will be deemed fatally defective, since when death does not ensue within such time the law presumes that it proceeded from some other cause." 13 R. C. L. 903, § 208. See Clark's Criminal Procedure, chapter 7, p. 239, to the same effect. While, as we have stated, our courts have not

passed directly on the question before us, our Supreme Court has indirectly dealt with the principle and seems to have recognized that the doctrine of the common law, that death must result within a year and a day from the infliction of the injury, prevails in Georgia. In *Dacy* v. *State,* 17 *Ga.* 439, 442, Justice Lumpkin, in deciding a misdemeanor case, stated: "Where time is of the essence of the offense, as in burglary and the like, the offense must be proved to have been committed in the nighttime, although the day on which the offense is charged to have been committed is immaterial. *In murder,* also, the death must be proved to have taken place within a year and a day from the time the stroke was given.. (2 Hawkins Ch. 23, § 90.)" (Italics ours.) In *Western & Atlantic Railroad Co.* v. *Bass,* 104 *Ga.* 390 (30 S. E. 874), Justice Fish, in passing on a case brought by a widow to recover damages for the negligent homicide of her husband, had occasion to make this observation and expression: "The common-law presumption in prosecutions for murder, appeals of death, and inquisitions against deodands, that an injury was not the proximate cause of the death when the death did not occur within a year and a day after the injury was inflicted, does not apply to the right of action given by this statute." Justice Evans, in *Clements* v. *State,* 141 *Ga.* 667 (81 S. E. 1117), referring to a wound which although not necessarily mortal is the primary cause of the disease which brings. about the death of the wounded person, had occasion to quote Lord Hale as follows: "If a man gives another a stroke, which, it may be, is not in itself so mortal, but that with good care he might be cured, yet if he dies of this wound within the year and day, it is homicide or murder, as the case is, and so it hath been always ruled." The foregoing are all of the Supreme Court decisions we have been able to find which deal even remotely with the question. before us, and these decisions deal with the question as illustrative of the issues there involved.

The courts of all the States that have dealt with the question,. with the exception of the State of New York, where the State constitutional provisions and the legislative enactments are similar to ours, have with one accord held that unless death results within a year and a day from the date of the infliction of the mortal wound it is not criminal homicide. The United States Supreme Court is in line with the majority jurisdictions. See Bell *v.* U. S., 140·

U. S. 118 (11 Sup. Ct. 761, 35 L. ed. 377). The reasoning followed by the courts in the majority of the jurisdictions will be found well expressed in 20 A. L. R. 1006, supra. The view adopted by New York and the reasons therefor will be found discussed in New York v. Brengard, 265 N. Y. 100 (191 N. E. 850, 93 A. L. R. 1465). For decisions of other States following the majority view see Howard v. State, 24 Ala. App. 512 (137 So. 532); Roberts v. State, 17 Ariz. 159 (2) (149 Pac. 380); Kee v. State, 28 Ark. 155; People v. Kelly, 6 Cal. 210; Conn. v. Bantley, 44 Conn. 537 (26 Am. R. 486); People v. Corder, 306 Ill. 264 (137 N. E. 845); Epps v. State, 102 Ind. 539 (1 N. E. 491); Rose v. Commonwealth, 156 Ky. 817 (162 S. W. 107); State v. Conley, 39 Me. 78; Commonwealth v. Snell, 189 Mass. 12 (75 N. E. 75, 3 L. R. A. (N. S.) 1019); State v. Keerl, 29 Mont. 508 (75 Pac. 362, 101 Am. St. R. 579); Debney v. State, 45 Neb. 856 (64 N. W. 446, 34 L. R. A. 851); Bowen v. State, 1 Ore. 270; Hardin v. State, 4 Tex. App. 355; Clark v. Commonwealth, 90 Va. 360 (4) (18 S. E. 440); State v. Phillips, 59 Wash. 252 (109 Pac. 1047); Ball v. U. S., supra.

In view of what has been said hereinbefore, sustained by the decisions of an overwhelming majority of the courts of the other States, as well as the United States Supreme Court, and indirectly recognized by our own Supreme Court in *Reed* v. *State,* and *Thomas* v. *State,* supra, we are constrained to hold that the indictment in the case at bar does not set out a criminal homicide under the laws of this State. But even though we rule as herein recited, the limitation on the time death follows the wound, in order to constitute criminal homicide, could very easily be adjusted by the legislature to conform to medical and scientific advancements (as suggested in New York v. Brengard, supra), which in turn are reflected in mortality statistics.

2. The next question for determination is: does the indictment allege any other offense, under the laws of this State? We feel safe in stating that it does. The only difference between the proof of the crime of murder and assault with intent to murder is that in the former the State must prove that death ensued within a year and a day from the date the injury was inflicted, and in the latter death does not ensue within that period of time. The demurrer admits all well-pleaded allegations in the indictment. The in-

dictment contains every essential element to be proved to establish the offense of murder except that death did not ensue within the limitation of a year and a day. It therefore necessarily follows that the indictment is a good one to charge the defendant with the lesser grades of crimes which are embraced within the bill of indictment, namely, assault with intent to murder and illegal shooting at another. See *Smith* v. *State*, 127 *Ga.* 262 (56 S. E. 360); *Walker* v. *State*, 136 *Ga.* 126 (70 S. E. 1016); *Baynes* v. *State*, 135 *Ga.* 219 (69 S. E. 170). It is therefore the opinion of this court that, under the allegations of the indictment, the defendant is not guilty of the offense of criminal homicide, but if proved he may be found guilty of the offense of assault with intent to murder or of shooting at another, as the evidence may develop. The court did not err in overruling the demurrer, for the reasons announced in this division of our opinion. Therefore it follows that the defendant may be tried, on the indictment before us, for the lesser offense of assault with intent to murder or of shooting at another, under proper instructions of the court.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur..*