18834. CORBIN *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. One phase of the evidence shows that the defendant and the deceased and a soldier were comparing .22 pistols, and the defendant and the deceased "got to 'rasseling' and the next thing . . . the gun . . . kicked . . . and there was a loud

report and Oscar fell over." This evidence, submitted in the form of a statement signed by the accused and the testimony of two police officers that the defendant had made a statement after his arrest which is approximately the same version of the shooting and killing of the deceased, would have authorized a conviction of involuntary manslaughter in the commission of a lawful act, and it was the duty of the trial judge to instruct the jury as to this lesser crime. The failure so to charge requires the grant of a new trial, as special grounds 3, 5, and 7 of the amended motion complaining thereof are meritorious. See *Pool* v. *State,* 87 *Ga.* 526 (13 S. E. 556); *Burton* v. *State,* 92 *Ga.* 449 (17 S. E. 99); *Kelley* v. *State,* 145 *Ga.* 210 (3) (88 S. E. 822); *Scrutchens* v. *State,* 146 *Ga.* 189 (4) (91 S. E. 25); *Goodson* v. *State,* 162 *Ga.* 178 (6) (132 S. E. 899); *Jackson* v. *State,* 181 *Ga.* 753 (2) (184 S. E. 279); *Sims* v. *State,* 203 *Ga.* 668 (2) (47 S. E. 2d 862).

2. Based upon the circumstances cited above, the court charged that, if the jury found the defendant committed thereby either the crime of pointing a gun at another or assault and battery, and in so doing the killing occurred, then the jury might find the accused guilty of involuntary manslaughter. In special ground 4 complaint is made that such a charge erroneously restricted the jury to the two unlawful acts mentioned therein, while they could have found other unlawful acts, namely carrying a concealed pistol and carrying a pistol without a license. Nothing in the evidence would have authorized such finding, and the charge is not subject to this criticism.

3. The charge advising the jury of the authority conferred by law upon the judge to reduce the penalty from death to life imprisonment when the conviction rests entirely upon circumstantial evidence is erroneous for two reasons, to wit: (1) the evidence was in part direct, hence not entirely circumstantial; and (2) it should never be given because it could not possibly help the jury perform its duty, and might well cause injury to the accused, in that the jury might attempt to pass the burden on to the judge who would not reduce the punishment when the jury would have done so had its members not thought the judge might. The request to review and overrule *Blackman* v. *State,* 78 *Ga.* 592 (3 S. E. 418); *Blackman* v. *State,* 80 *Ga.* 785 (7 S. E. 626); and *Johns* v. *State,* 178 *Ga.* 676 (5) (173 S. E. 917), in so far as they hold that such charge is not reversible error, is granted, and they are hereby so overruled. When the court feels called upon to urge the trial court not to charge, we believe we should go further and rule that it is reversible error so to rule.

4. Special grounds 1 and 2 complain of the court's charging on mental irresponsibility by calling it "lack of criminal responsibility," and for using the conjunctive word "and" instead of "or," in its charge on insanity and mental irresponsibility. We fail to find any harmful error in this ground, and accordingly it is without merit. The remaining special ground is also without merit.

5. The evidence supports the verdict and the general grounds are without merit.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 13, 1955—DECIDED FEBRUARY 16, 1955.

*Frank H. Morrison, II, Wm. Hall, Carter Goode,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene Cook, Attorney-General, H. Grady Almand, Jr., Assistant Attorney-General, Joan Larsen, Wm. E. Spence, Carl B. Copeland, Charlie O. Murphy,* contra.