## 22917. JONES v. THE STATE.

ARGUED APRIL 13, 1965—DECIDED MAY 6, 1965.

*William T. Brooks*, for plaintiff in error.

*William T. Boyd, Solicitor General, William E. Spence, Carter Goode, Eugene Cook, Attorney General, J. R. Parham, Assistant Attorney General*, contra.

MOBLEY, Justice. George Charles Jones, hereafter referred to as the defendant, was indicted, tried, and convicted of murder without recommendation of mercy. His motion for new trial on the general grounds and two special grounds was overruled by the trial court. The exception is to that judgment.

■ The defendant abandoned the general grounds.

■ In special ground 1 defendant complains of the following charges: "Gentlemen, the State in this case contends that the three defendants named in this bill of indictment entered into a conspiracy to rob Vester A. Ware. The State further contends that after the three defendants named in this bill of indictment entered into that conspiracy, that acting in furtherance of the conspiracy, they went to the place of business where Vester A. Ware worked; and that in furtherance of that conspiracy, that Glen M. Howell was killed and murdered as charged in the bill of indictment. This contention is denied by the defendant," and, "Now gentlemen of the jury, the State in this case contends that the defendant on trial, George Charles Jones, killed and murdered Glen M. Howell, the person named in this bill of indictment, by shooting him with a pistol, with malice aforethought and without justification or mitigation. The State in this case contends that defendant, George Charles Jones, fired the shot that produced the death of Glen M. Howell. This is the contention of the State in this case. This contention is denied by the defendant on trial."

The complaint is that these charges "overemphasize the contentions as the court interpreted them by the State in this case, and did not set forth the contention of the defendant, which

in reality was that the deceased, Glen M. Howell, was killed by accident."

The charges as to the contentions of the State were correct and were not overemphasized. The thrust of defendant's contention is that his defense of accident or misfortune was not properly submitted to the jury by reason of the fact that he did not deny that he participated in the robbery but contended that in leaving the service station after the robbery, he accidentally and unintentionally shot and killed the deceased when he grabbed his arms. The court charged fully on accident and misfortune, which it was not required to do, for even though the discharge of the gun was unintentional, "the offense is murder and in no view of such facts does it involve homicide by accident or involuntary manslaughter." *Lynch v. State*, 207 Ga. 325 (1, 2) (61 SE2d 495). This ground is without merit.

■ The second special ground complains of the following charge: "Gentlemen, the State in this case contends that the three defendants named in this bill of indictment entered into a conspiracy to rob Vester A. Ware. The State further contends that after the three defendants named in this bill of indictment entered into that conspiracy, that acting in the furtherance of the conspiracy, they went to the place of business where Vester A. Ware worked; and that in furtherance of that conspiracy, that Glen M. Howell was killed and murdered as charged in the bill of indictment." Defendant contends that the charge was error because it was not adjusted to the facts, as the record shows that the robbery had been completed, and that the deceased was killed when the defendant attempted to leave the premises. The undisputed evidence is that the defendant entered the service station owned by the deceased and being operated by one Ware and ordered cigarettes from Ware. When Ware turned to get the cigarettes, the defendant placed a pistol against his back and ordered him to lie on the floor. As he was complying, one Johnnie Lee Clark, jointly indicted, entered and suggested that defendant tie up Ware. After Ware was on the floor, defendant reached in his pocket and took some money. As this was going on the deceased, who in passing the station became suspicious left his office which was fifty to seventy-five feet back of the service station and entered the service station, whereupon Clark

ran and pushed his way out by the deceased. The defendant then turned his attention and gun from Ware, and started out the door as the owner was entering, and shot the deceased with the pistol, firing three times, one of the shots hitting and killing him. The defendant offered no evidence, but made an unsworn statement in which he admitted that he and two companions went to the station to rob, that he, at the point of a pistol made Ware lie on the floor and did take his money and did shoot the owner who grabbed him by the arms as he tried to run, and stated that the gun went off accidentally and he had no intention of shooting or hurting anyone.

The State did contend, as charged, that the three formed a conspiracy to rob this service station and that in the further-ance of the conspiracy they went to the station and the deceased was killed and murdered as charged in the indictment.

It is not essential that the crime of murder should be a part of the original design, but it is sufficient if it be one of the inci-dental, probable consequences of the execution of the design. *Lumpkin v. State,* 176 Ga. 446, 449 (168 SE 241). "Where two persons conspire to commit the crime of robbery and in further-ance of the common design to rob, both being present and par-ticipating in the commission of a robbery, in the course of which one of them shoots and kills the person robbed, such killing is the probable consequence of the unlawful design to rob, and both are guilty of murder." *Simmons v. State,* 181 Ga. 761, 762 (184 SE 291) and cases cited. This would apply equally as well where a person other than the one robbed was killed. "A murder may be committed in perpetration of a felony, al-though it does not take place until after the felony itself has been technically completed, if the homicide is committed within the res gestae of the felony." 40 CJS 870, Homicide, § 21 (b). Certainly the killing is a part of the res gestae of the robbery in this case, where the defendant was caught while in the actual commission of the robbery and killed the owner in an attempt to escape with the loot from the scene of the robbery (see People v. Boss, 210 Cal. 245, 247, 290 P. 881) and is one of the inci-dental, probable consequences of the execution of the design to commit the robbery.

The second special ground is without merit.

■ The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*