## 36751. STATE OF GEORGIA v. DAVIS.

BOWLES, Justice.

Defendant Davis was indicted for criminal solicitation under Code Ann. § 26-1007.[1] Upon motion of the defendant, the trial court dismissed the indictment finding the statute unconstitutionally vague in its description of prohibited activity and unconstitutionally overbroad in that it embraced speech protected under the First Amendment as well as speech which may properly be punished.

Code Ann. § 26-1007 states, in pertinent part: "A person commits criminal solicitation when, with intent that another person engage in conduct constituting a felony he solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct." This is the first time this court has been called upon to interpret this statute since its enactment in 1978. We are dealing here with the allegation of facial unconstitutionality.

1. We begin with the proposition that a solemn act of the legislature is presumed to be constitutional. See *Buice v. Dixon,* 223 Ga. 645 (157 SE2d 481) (1967). It is the duty of our legislators to support the Constitution of the United States just as it is our duty. In enacting this statute, we can presume that the legislature intended to enact a constitutional law and not one which violates the proscriptions of the First Amendment. "[A]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; . . . they are to be

---

[1] Defendant was charged with the offense of criminal solicitation in that he did "solicit, and request M. I. Lawson to engage in conduct constituting a felony, to wit: violation of the Georgia Controlled Substances Act, in that the accused did solicit, and request the said M. I. Lawson to sell marijuana."

construed in connection and in harmony with the existing law; and . . . their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts." *Buice v. Dixon,* supra, at 647.

All speech is not ultimately protected under the First Amendment. Chaplinsky v. New Hampshire, 315 U. S. 568, 571-72 (62 SC 766, 86 LE 1031) (1942); *City of Macon v. Smith,* 244 Ga. 157 (259 SE2d 90) (1979). However, even speech which advocates law violation is protected "except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." Brandenburg v. Ohio, 395 U. S. 444, 447 (89 SC 1827, 23 LE2d 430) (1969). The test is generally known as the "clear and present danger" test. "The question in every case is whether the words used are used in such circumstances and of such a nature as to create a clear and present danger that they will bring about the substantive evils that Congress has a right to prevent." Schenck v. United States, 249 U. S. 47, 52 (39 SC 247, 63 LE 470) (1919).

It is clear that the commission of a felony is a substantive evil which our legislature has a right to prevent. We construe Code Ann. § 26-1007 as prohibiting only such language as creates a clear and present danger of a felony being committed and is therefore not overbroad as encompassing protected speech.

2. The only language in Code Ann. § 26-1007 which could conceivably be described as vague is that language which states; "or otherwise attempts to cause such other person to engage in such conduct." The words "solicits, requests, commands" and "importunes" are all clearly understandable so that any person seeking to avoid violation of the law could do so.

"To withstand constitutional attack, a statute or ordinance which prohibits speech 'must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression.' Gooding v. Wilson, 405 U. S. 518, 522 (92 SC 1103, 31 LE2d 408) (1972)." *City of Macon v. Smith,* supra, at 158. Absent a narrowing construction, this relatively broad language ("or otherwise attempts to cause") might be susceptible of constitutional attack. However, we construe this language in conformity with the First Amendment and thereby give it a narrowing construction. Under the rule of "ejusdem generis" we will not construe these questionable words in their broadest sense but will limit them by the words immediately preceding them. In other words, only a relatively overt statement or request intended to bring about action on the part of another person will bring a defendant within the statute. Furthermore, in light of our holding in division one that the

statute only embraces language which creates a clear and present danger that a felony will be committed, the phrase "or otherwise attempts to cause such other person to engage in such conduct" is construed as meaning "or otherwise creates a clear and present danger of such other person perpetrating a felony."

3. The word "felony" is not unconstitutionally vague. Our criminal code defines which crimes are felonies and which are not. Code Ann. § 26-401 (e). If a police officer overhears a solicitation for another to steal a television, absent further knowledge on his part, he has probable cause to arrest the solicitor. The fact that the television is worth less than $200 and therefore its theft would constitute a misdemeanor is a question of fact.

4. We have held only that the statute in question is not unconstitutional on its face. We have not decided whether or not it is unconstitutional as applied to defendant Davis. Whether or not Mr. Davis' statement or question constituted protected speech or did not create a clear and present danger of a felony being committed remains for determination by the trial court.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 15, 1980 — DECIDED DECEMBER 2, 1980.

*Lewis R. Slaton, District Attorney, Wallace Speed, Joseph J. Drolet, Assistant District Attorneys,* for appellant.

*Robert Coker,* for appellee.

*J. Melvin England,* amicus curiae.

