## S90A1620. THE STATE v. CROSS.
(401 SE2d 510)

HUNT, Justice.

The state appeals, under OCGA § 5-7-1, the grant of the defendant's motion to quash count one of its indictment, alleging the defendant, David L. Cross:

on the 20TH day of AUGUST, 1987, did unlawfully with malice aforethought, and while in the commission of a felony, to wit: Cruelty to Children, shake Sala Shavon Cross, a human being, resulting in injuries which caused the death of said child on January 31, 1989; . . .

The trial court quashed the indictment on the ground the death did not occur within a year and a day of the injury caused by the defendant.

1. The year-and-a-day rule was adopted in this state along with the definition of murder from English common law. *Head v. State,* 68 Ga. App. 759, 761 (24 SE2d 145) (1943).[1] Under this rule:

"[i]f it does not appear that the death of the person charged to have been killed happened within a year and a day after the wound was given[,] the indictment will be deemed fatally defective, *since when death does not ensue within such time the law presumes that it proceeded from some other cause.*" 13 R. C. L. 903, § 208. [Emphasis supplied.]

---

[1] The statement in *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690) (1971), cited by the dissent as indicating the continued viability of the rule, may be disregarded as dicta. The death occurred within six days of the shooting and the defendant was convicted, not of murder, but of voluntary manslaughter. This case would hardly serve as a catalyst for the legislature to amend the law as argued by the dissent.

The year-and-a-day rule provided a limit to prosecutions for murder and eliminated speculation as to causation at a time when medical science was much less sophisticated and cause was difficult to prove. LaFave & Scott, Substantive Criminal Law, § 3.12 (i), p. 421 (1986).

In 1968, the General Assembly adopted a new criminal code, the 1968 Criminal Code of Georgia. Ga. L. 1968, pp. 1249, 1261. The new code provided that "[n]o conduct constitutes a crime unless it is described as a crime in this Title or in another statute of this State." Code Ann. § 26-201; OCGA § 16-1-4. In addition, Code Ann. § 26-103, now OCGA § 16-1-9, of the 1968 Criminal Code states:

> [t]he provisions of this Title shall govern the construction and punishment of any crime defined in this Title committed on and after the effective date hereof, as well as the construction and application of any defense.

These provisions demonstrate the drafters intention to supersede the common law, Committee Notes, Code Ann. § 26-201,[2] and to provide a comprehensive statutory enactment covering crimes in Georgia.[3]

Under the 1968 Criminal Code, causation is a specified element of murder and no time limitation is provided:

> [a] person commits murder when he unlawfully and with malice aforethought, either express or implied, *causes the death of another human being* . . . or when in the commission of a felony he *causes the death of another human being,* irrespective of malice. [Emphasis supplied.]

Ga. Code Ann. § 26-1101; OCGA § 16-5-1. Because the year-and-a-day rule was not included as part of what was intended to be a comprehensive criminal code, we conclude the adoption of the criminal code in 1968 ended the viability of the year-and-a-day rule in this state.[4] This conclusion is in accord with the majority of other jurisdic-

---

[2] The drafters' notes *explicitly* state "[t]his section establishes that the Criminal Code *supersedes all common-law offenses.*" [Emphasis supplied.]

[3] The statutory definition of murder before the 1968 Code was the same as the common law definition. *Head,* supra at 760. A provision of the Georgia Constitution, then in effect, contemplated the incorporation of the common law; it also provided for its repeal or modification by statute: "All laws now of force in this State, not inconsistent with this Constitution shall remain of force until the same are modified or repealed by the General Assembly." 1945 Const., Art. XII, Sec. I, Par. III.

[4] Honoring the doctrine that laws enacted in derogation of the common law must be strictly construed, we concur with the view adopted by the highest court of New York in *People v. Brengard,* 265 NY 100 (191 NE 850) (1934), upon review of a similar statutory intent:

> When the object of the commission was so clearly expressed as to demonstrate a

tions which have addressed this issue. LaFave & Scott, supra at p. 422. See generally Anno., 60 ALR3d 1323 (1974).[5]

2. There is no merit to the defendant's contention that the victim must die during the commission of the underlying felony under a felony-murder indictment. OCGA § 16-5-1 (c), defining felony murder, requires that the death need only be *caused* by an injury which occurred during the res gestae of the felony. See *Collier v. State*, 244 Ga. 553 (261 SE2d 364) (1979); *Jones v. State*, 220 Ga. 899 (142 SE2d 801) (1965).

It follows, therefore, that the trial court erred in granting the defendant's motion to quash the indictment.

*Judgment reversed. All the Justices concur, except Smith, P. J., and Benham, J., who dissent.*

BENHAM, Justice, dissenting.

A thorough reading of the majority opinion leaves me with grave concern that the majority has decided by way of mere speculation that the "year-and-a-day" rule was abolished by the enactment of the 1968 Criminal Code. Believing that it was not so abolished, I must dissent.

1. Although the year-and-a-day rule had its origin in common law (*Head v. State*, 68 Ga. App. 759, 760 (24 SE2d 145) (1943)), it has been recognized throughout the years in Georgia. The rule's status was aptly described in *Head v. State*, supra at 761:

> While . . . our courts have not passed directly on the question before us, our Supreme Court has indirectly dealt with the principle and seems to have recognized that the doctrine of the common law, that death must result within a year and a day from the infliction of the injury, prevails in Georgia.

A careful review of the case law dealing with the year-and-a-day rule shows that it has become ingrained in the criminal law of this and many other states. See 60 ALR3d 1323, §§ 1-4.

---

fixed intent to construct in detail a complete definition of each crime so that no part of the entire fabric of the law of crimes could be left to judicial reconstruction, the omission by the Legislature of any reference to a year and a day from the definition of murder . . . must be deemed to have resulted from a set purpose.
*People v. Brengard*, supra, 191 NE at 852, 853. Compare *State v. Young*, 77 NJ 245 (390 A2d 556, 558) (1978). Because the new criminal code merely revised the punishments for the common-law crimes rather than superseded the former law, the year-and-a-day rule remained in force in New Jersey.

[5] Our interpretation of the effect of the 1968 statute on this issue renders it unnecessary for us to consider abolition of the year-and-a-day rule by virtue of this court's authority to mold the common law. Likewise, any consideration of retroactive application becomes unnecessary.

The majority holds that the year-and-a-day rule was abolished by the adoption of the 1968 Criminal Code, and in footnote 4 of its opinion cites a New York case, *People v. Brengard*, 265 NY 100 (191 NE 850) (1934), in support of its view that the legislature intended to abrogate the common law year-and-a-day rule. However, the majority opinion fails to point out that in *Brengard*, the New York court pointed to specific language in the 1864 notes of the commission formed to prepare a new Penal Code indicating that "each definition [of a statutory offense would be] independent and sufficient in itself." Although the majority opinion in the present case directs our attention to some language employed by the drafters of Georgia's 1968 Criminal Code expressing an intent to codify all criminal laws, that language is not specific enough to evidence a clear and unmistakable intent to abolish a fundamental tenet of criminal law and procedure. When a new criminal code is drafted and no mention is made of a fundamental rule of criminal law, we should consider the rule still in force unless there is evidence of a clear and unmistakable specific intent to abolish it.

The conclusion advanced by the majority, that the year-and-a-day rule was abolished in 1968 by the adoption of the Criminal Code, directly contradicts a decision of the Court of Appeals in *Manning v. State*, 123 Ga. App 844 (182 SE2d 690) (1971), where the continued vitality of the year-and-a-day rule was specifically acknowledged. Since the *Manning* decision in 1971, the criminal laws relating to homicide have been amended several times, but the legislature has taken no action to specifically disavow the year-and-a-day rule.

All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; they are to be construed in connection and in harmony with the existing law; and their meaning and effect will be determined in connection with not only the common law and the Constitution, but also with reference to other statutes and the decisions of the courts. *State v. Davis*, 246 Ga. 761 (1) (272 SE2d 721) (1980). Applying those principles to the present case leads to the inescapable conclusion that the year-and-a-day rule is alive and well in Georgia.

2. Since the year-and-a-day rule was judicially created, it can be judicially abolished, but that must be done prospectively. Due to advances in the medical field since the time the rule was first recognized, it is obvious that the year-and-a-day rule is archaic and should be abolished, and I would gladly join the rest of this court in doing so. However, I would abolish the rule directly and deliberately and today, and would not speculate that the legislature abolished it sub silentio in 1968. I submit, therefore, that the proper resolution of this appeal would be to affirm the trial court's judgment quashing count one of the indictment against appellant, and to inform the bench and bar

that henceforth the year-and-a-day rule is abrogated and will not be applied. For that reason, I respectfully dissent to the judgment of the majority of this court.

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED FEBRUARY 27, 1991.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellant.

*Bert W. Cohen,* for appellee.