A97A1778. ADAMS v. THE STATE.
(494 SE2d 92)

Judge Harold R. Banke.

Joanna Adams was convicted of trafficking in cocaine. On appeal, Adams enumerates four errors.

The evidence, when viewed in a light to support the verdict,

showed that based on information that Adams' co-defendant, Janet Medina, was using and selling drugs, Agent James Perry initiated an undercover investigation at Babe's, a strip club, which was Medina's place of business. As Agent Perry negotiated a cocaine transaction with Medina, Adams introduced herself. Shortly thereafter, Agent Perry and Medina set up a drug deal for the next day in Carroll County. Both Medina and Adams met Agent Perry at the designated time and place. When Medina took the agent's cash and left to retrieve the cocaine from her supplier, Adams remained with him and they discussed the drug deal that was underway. After Medina returned with an insufficient amount of cocaine, Medina again left, while Adams remained in the car with Agent Perry to discuss the transaction and the problems that were occurring.

Nine days after the Carroll County deal, Agent Perry attempted to obtain more cocaine from Medina. Medina informed him that she did not know anyone who could provide the desired quantity but Adams did. At the agent's behest, Adams contacted Rene Rocamora, and arranged a meeting time and place to which Rocamora was to bring the cocaine. Rocamora arrived early and concealed a plastic baggy containing 111.7 grams (approximately four ounces) of 52 percent cocaine behind a trash dumpster. Adams assured Rocamora that she had seen the buyer's money. Adams attempted, without success, to persuade the agent to depart with Rocamora to another location to finalize the transaction. An audiotape confirmed that Adams pointed out Rocamora to Agent Perry, that Adams had the agent count the money in front of her, and that Adams acted at all times as the intermediary in the drug deal. After the transaction was consummated, Medina, Rocamora and Adams were immediately arrested. While in custody, Adams provided a voluntary taped statement in which she admitted that she paged Rocamora and arranged the cocaine sale. Both Medina and Rocamora pleaded guilty and testified against Adams. Medina testified that she and Adams planned to split $500 from the deal. *Held*:

1. Adams contends that the trial court erred in denying her motion in limine to exclude evidence of her involvement in the Carroll County drug deal. She also claims that the trial court failed to take proper curative measures to limit the prejudice after the State exceeded the bounds of the trial court's partial exclusion. Prior to trial, the State indicated that it had no desire to have evidence of Adams' Carroll County drug conviction admitted. Nevertheless, because the State anticipated that Adams' defense would likely be "mere presence," the State sought and obtained the court's permission to elicit testimony that Adams had been a witness to the Carroll County deal and knew Medina as a drug seller and Agent Perry as a drug buyer.

Adams contends that on two occasions, the State deliberately elicited testimony from Agent Perry that exceeded the court's limitations. In the first instance, the State asked him to "[t]ell the jury what happened there." In narrative form, he testified that outside of Adams' presence, Medina told him that Adams would remain with him while she left to obtain more cocaine. After Adams objected, the court instructed the jury to disregard the answer as being hearsay. Notwithstanding Adams' claim, the response did not impermissibly ascribe an active role to her. In fact, the jury could have concluded that Adams was merely present and had been an unwitting pawn in Medina's plan. Nor was the statement so flagrantly prejudicial that it rendered the curative instruction ineffective. *Young v. State*, 217 Ga. App. 575 (1) (458 SE2d 391) (1995). Under these circumstances, the trial court did not abuse its discretion in denying Adams' motion for mistrial. Id.

In the second instance, Agent Perry testified that while he and Adams awaited Medina's return, Adams reassured him that "everything would be okay, that Medina had done this before and the supplier was straight up, the drugs would be good, there would be no problem with the deal." Adams' failure to object to this testimony precludes appellate review.[1] *Jacobson v. State*, 201 Ga. App. 749, 752 (4) (412 SE2d 859) (1991).

2. The trial court did not improperly restrict Adams' cross-examination of her co-defendant. Medina had pleaded guilty to the Carroll County drug charge and also to the trafficking charge in this case. During cross-examination, Medina admitted that she had been arrested and prosecuted for selling cocaine to Agent Perry in Carroll County. At this point, the State objected to further questioning of Medina regarding her Carroll County conviction and sentence unless certified copies were properly tendered. Because the State properly asserted a "best evidence" rule objection that the prior conviction be proved by a certified copy of Medina's conviction, the trial court did not err in restricting defense questioning in that regard. See *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476) (1995). In any event, on cross-examination, Adams' counsel was able to explore Medina's motives for cooperating with the State in this case and Medina's hope to receive a light sentence. Even assuming for the sake of argument only that the trial court erred in limiting the cross-examination, in light of the overwhelming evidence of Adams' guilt, including her

---

[1] Adams had two opportunities to object to this testimony and did not. Following Adams' motion for mistrial, outside the jury's presence, the trial court had the agent state what his testimony would be. His statement included Adams' reassurances. Adams made no objection. When the jury returned, the agent testified without objection about Adams' reassurances.

own inculpatory admissions, it is highly probable that the error did not contribute to the judgment. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. The trial court did not err in denying Adams' requested charge on criminal solicitation as a lesser included offense. "A person commits the offense of criminal solicitation when, with intent that another person engage in conduct constituting a felony, he solicits, requests, commands, importunes, or otherwise attempts to cause the other person to engage in such conduct." OCGA § 16-4-7 (a). Here, in light of the evidence that Adams paged Rocamora to set up the time and location of the deal, traveled to the scene of the impending drug deal which she had personally arranged, verified the amount of the purchase money, spoke with the supplier, and acted as a facilitator in the transaction, Adams' involvement exceeded the use of mere language. *Norris v. State*, 176 Ga. App. 164, 168 (6) (335 SE2d 611) (1985); see *State v. Davis*, 246 Ga. 761, 762-763 (272 SE2d 721) (1980) (criminal solicitation statute embraces only language which creates a clear and present danger that a felony will be committed). Under these facts, criminal solicitation was not a lesser included offense in the crime of trafficking in cocaine as a matter of law or fact. *Davis*, 246 Ga. at 762-763 (2).

4. There was no fatal variance between the trial court's instruction and the language of the indictment. Although the court charged that the trafficking offense occurs when a person "knowingly sells or delivers" cocaine, the indictment set forth the commission as to "knowingly sell and deliver." However, when it charged the jury, the trial court instructed the jury to review the indictment for the exact statement of the charge. Moreover, where a person is charged in an indictment with a crime in two ways by using the conjunctive "and" but where the statute contains "or" if it is proven that the defendant violated the statute in either way he may be convicted. *Jones v. State*, 75 Ga. App. 610, 614-615 (4) (44 SE2d 174) (1947). See *Lubiano v. State*, 192 Ga. App. 272, 274 (1) (a) (384 SE2d 410) (1989).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1997.

*Jill L. Anderson, Monica T. Myles, Virginia W. Tinkler*, for appellant.

*David McDade, District Attorney, Jeffrey L. Ballew, Christie E. Draper, Assistant District Attorneys*, for appellee.